THE STATE OF OHIO, APPELLANT, *v.* BIRD, APPELLEE.

(No. 12-164—Decided July 19, 1988.)

*John E. Shoop,* prosecuting attorney, and *James F. Mona,* for appellant.

*Leo R. Collins,* for appellee.

CHRISTLEY, J. At approximately 3:00 a.m. on Sunday, April 27, 1986, Deputies Myers and Iliano of the Lake County Sheriff's Department were dispatched to investigate a complaint of a loud party on Meigs Avenue in Painesville Township. While heading east on Meigs, the deputies observed a line of cars parked along the southern edge of the road. Near the western end of this line was a 1978 two-door Ford. The interior light of this vehicle was on, and three individuals were sitting in the front seat.

Before reaching the Ford, the deputies made a right-hand turn and headed south on Abels Avenue. When the turn was made, the squad car was within three car lengths of the Ford. At that moment, Deputy Myers saw the individual in the middle move towards the right and the driver lean "over to the right of the steering wheel and down toward the dashboard."

The deputies immediately turned around and headed back to Meigs Avenue. By the time they turned back onto Meigs, the three individuals had left the Ford and were walking west. The deputies estimated that the three persons were already thirty to forty feet from the Ford. Upon parking the squad car, the deputies approached the

threesome and inquired as to what they were doing in the area. Appellee Ricky Bird, who was later identified as the owner and driver, replied that they were attending a party in the area.

While Deputy Myers continued the questioning, Deputy Iliano walked over to the Ford and inspected its interior. Using a flashlight, Iliano looked through the windshield on the driver's side and saw a detached rearview mirror lying on the floor, partially covered by the driver's seat. On the mirror was a white powdery substance, later identified as cocaine. Iliano then asked appellee for his keys and seized the mirror.

Subsequently, appellee was indicted on charges of drug abuse under R.C. 2925.11. Before coming to trial, appellee filed a motion to suppress evidence. After an evidentiary hearing, the trial court granted the motion. The state then filed a timely notice of appeal to this court, pursuant to Crim. R. 12(J), with the following assignment of error:

"The trial court erred in granting appellee's motion to suppress evidence."

In this case, appellee's automobile was searched without a warrant. Such a search is *per se* unreasonable under the Fourth Amendment, unless an exception to the warrant requirement applies. *Katz* v. *United States* (1967), 389 U.S. 347. In disputing the trial court's holding, the state argues that the suppressed evidence was properly seized under the plain view doctrine. This argument is without merit.

In *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, a plurality of the Supreme Court alluded to three requirements needed to invoke the plain view doctrine. These criteria have been followed in this state:

"Hence, in order to qualify under the plain view exception, it must be shown that (1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent." *State* v. *Williams* (1978), 55 Ohio St. 2d 82, 85, 9 O.O. 3d 81, 83, 377 N.E. 2d 1013, 1016.

In relation to the first criterion, the state advances two theories. First, it is argued that the deputies' actions in stopping and questioning appellee constitute an investigative stop. This particular exception to the warrant requirement allows a police officer "to approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. * * *" *Terry* v. *Ohio* (1968), 392 U.S. 1, 21.

To stop an individual under this procedure, the officer must have a reasonable belief, based upon specific and articulable facts, that criminal behavior was imminent. *Terry, supra; State* v. *Freeman* (1980), 64 Ohio St. 2d 291, 18 O.O. 3d 472, 414 N.E. 2d 1044. This standard requires more than mere good faith on the part of the officer; the intrusion must be based on a reasonable suspicion. In forming this belief, the officer can consider the surrounding circumstances and draw rational inferences from the facts. *Freeman, supra.*

In the present case, the deputies' suspicion was based upon appellee's movement before he got out of the car and the fact that there was a party in the area. The deputies did not state that appellee's actions before or during the preliminary questioning indicated he was intoxicated or otherwise incapacitated. These facts are not sufficient to raise a reasonable suspicion that appellee was engaged in criminal activity, since his actions were also consistent with innocent behavior. Placing an object below the seat of a car before exiting is a normal action

158

which only implies the person wished to remove the object from public view.

In its second theory on the first criterion, the state argues that the initial intrusion did not occur until Deputy Iliano examined the car's interior through the window. The state contends that the questioning of appellee should not be considered as a part of the search because the deputies' view of the cocaine came from examining an empty parked car on a public street. This intrusion was lawful, the state maintains, because individuals have a lower expectation of privacy in their vehicles. *State* v. *Welch* (1985), 18 Ohio St. 3d 88, 18 OBR 124, 480 N.E. 2d 384.

The state's reliance on *Welch* to justify the search is misplaced. That case dealt with the automobile exception to the warrant requirement, which permits a warrantless search when the officer has probable cause to believe contraband is present. Even though the expectation of privacy is less in a vehicle, this exception is not applicable unless probable cause exists. The facts in this case do not support a finding of probable cause. Again, appellee's actions before and after the initial questioning are also consistent with innocent behavior.

The second and third criteria have been met in this instance. The discovery of the cocaine was inadvertent, since the deputies did not know of its existence before the search was conducted. *Williams, supra; State* v. *Halczyszak* (1985), 25 Ohio St. 3d 301, 25 OBR 360, 496 N.E. 2d 925. The incriminating nature of the evidence was immediately apparent. However, the first criterion has not been satisfied. Thus, the judgment of the trial court is accordingly affirmed.

*Judgment affirmed.*

FORD, P.J., and COOK, J., concur.