The STATE of Ohio, Appellee,

v.

KLEIN, Appellant.

[Cite as *State v. Klein* (1991), 73 Ohio App.3d 486.]

Court of Appeals of Ohio,
Washington County.

No. 90 CA 7.

Decided May 6, 1991.

*Robert J. Smith,* Assistant Law Director, for appellee.

*Addison, Funk & Nuzum* and *Rustin J. Funk,* for appellant.

HARSHA, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Marietta Municipal Court upon a no contest plea finding Louis H. Klein, defendant-appellant, guilty of operating a motor vehicle while under the influence of alcohol and with a breath-alcohol concentration above the specified limit, in violation of R.C. 4511.19(A)(1) and (3), misdemeanors of the first degree.

Appellant assigns the following error:

"The trial court erred in denying defendant-appellant's motion to dismiss or suppress by finding that the arresting officer had reasonable cause to stop defendant's vehicle."

A complaint was filed charging appellant with violating R.C. 4511.19(A)(1) and (3). Appellant entered a plea of not guilty to the charges and demanded a jury trial. On January 16, 1990, appellant filed a motion to dismiss the complaint or to exclude all of the evidence obtained by appellee after the stop of appellant's automobile. On January 31, 1990, a hearing was held on appellant's motion, and the following pertinent evidence was introduced.

Marietta Police Sergeant Jeffrey Waite testified that on October 27, 1989 at approximately 1:35 a.m., while he was traveling westbound on Green Street, he noticed appellant sitting in a maroon-colored Oldsmobile on the private lot

of Pottmeyer's Auto Sales on the opposite side of Green Street. Sgt. Waite stated that he then turned around in order to check appellant's motor vehicle because there had been a continual problem in the summer and fall of 1989 with people tearing up cars and stealing items from cars in the area of the car lots. When Sgt. Waite approached the car lot, appellant pulled out of the lot and headed eastbound on Green Street. Sgt. Waite eventually stopped appellant's vehicle and subsequently arrested him for violating R.C. 4511.-19(A)(1) and (3). Waite observed no traffic violations or any evidence of criminal conduct. Sgt. Waite further testified that he had never noticed anyone using the private property of the car lot as a parking lot for the purpose of going to bars located across the street.

At the conclusion of the hearing, the trial court overruled appellant's motion to dismiss or exclude evidence. Appellant changed his plea to no contest and, on February 22, 1990, the trial court entered a judgment finding appellant guilty of violating R.C. 4511.19(A)(1) and (3). The trial court sentenced him to ninety days in jail, suspended his operator's license for one hundred eighty days, and fined him $400.

Appellant's sole assignment of error asserts that the trial court erred in denying his motion to dismiss or suppress. Appellant essentially asserts that the trial court erred in determining that Sgt. Waite had a reasonable suspicion to stop appellant's vehicle.

In a motion to suppress, the trial court assumes the role of trier of facts and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Clay* (1973), 34 Ohio St.2d 250, 298 N.E.2d 137. Accordingly, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the legal standard set forth in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if he had a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. *Id.; State v. Bird* (1988), 49 Ohio App.3d 156, 551 N.E.2d 622. In justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which would warrant a man of reasonable caution in the belief that the action taken was appropriate. *Terry, supra,* 392 U.S. at 19–20, 88 S.Ct. at 1878–1879, 20 L.Ed.2d at 904–905.

In this regard, the propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances.

*State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus; *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus. In the case at bar, the following facts were relied upon by appellee to justify Sgt. Waite's investigative stop of appellant's vehicle: (1) the area in which appellant was observed had experienced a problem with vandalism and theft; (2) the area in which appellant was observed was private property; (3) the time of the observation was 1:35 a.m.; and (4) appellant turned out of the area as Sgt. Waite's police cruiser approached the area.

▮ The *Terry* standard requires more than mere good faith on the part of the officer; the intrusion must be based on a reasonable suspicion. *Bird, supra,* 49 Ohio App.3d at 157, 551 N.E.2d at 624. In *State v. Sharp* (Oct. 2, 1986), Montgomery App. No. 9630, unreported, 1986 WL 11113, the Second Appellate District noted as follows at 5–6:

"Percentagewise, stops or arrests at 4:30 a.m. in residential neighborhoods would probably ferret out many crimes, but in the absence of anything more specific, investigative stops based primarily upon the time of day or night would eventually do violence to the right of every individual to be free from unreasonable restraint or interference. And while it is always tempting to focus on end results when a mere hunch proves correct and guilt is established, the continuing vitality of the freedoms enjoyed by all citizens nonetheless depends upon reasonable adherence to basic procedural restrictions. Here, something more was required in the way of 'specific and articulable facts' to justify the detention, and accordingly, the alleged error is well made. See, also, *State v. Heinrichs* (1988), 46 Ohio App.3d 63 [545 N.E.2d 1304]."

▮ In the case at bar, appellant's activities prior to the investigative stop were equally consistent with innocent behavior. *Bird, supra.* Sgt. Waite had, at best, an inarticulate hunch rather than a reasonable suspicion that appellant was engaged in criminal activity based upon his observations prior to the stop. Moreover, an otherwise unlawful investigative stop cannot be justified with reference to the quantity or quality of the evidence of guilt resulting therefrom. *Heinrichs, supra.* Although we recognize that the Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape, *Bobo, supra,* 37 Ohio St.3d at 180, 524 N.E.2d at 492, our review of the totality of the circumstances in the case at bar indicates that Sgt. Waite lacked the requisite reasonable suspicion to warrant an investigative stop of appellant. Hence, the trial court erred in overruling appellant's suppression motion. Accordingly,

for all of the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

GREY, J., concurs.

STEPHENSON, P.J., concurs separately.

STEPHENSON, Presiding Judge, concurring.

I concur in the judgment and opinion, but write separately in order to reconcile our decision herein with the recent Supreme Court decision in *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271. In *Andrews*, the court held that a combination of factors present in that case would give rise to "an objective and particularized suspicion" of criminal activity even though any of those factors, by itself, would not. In particular, the court focused on the area's reputation for criminal activity as well as the suspect's apparent flight from police officers. The court also made reference to several additional factors advanced by the prosecution which included the following: (1) the incident occurred at night in the dark, (2) the level of experience of the police officer, and (3) the fact that the police officer was away from his cruiser at the time of the stop. *Id.* at 88, 565 N.E.2d at 1273.

In the cause *sub judice*, the incident occurred at night and, arguably, the testimony of Sgt. Waite may establish that the area of Pottmeyer's Auto Sales had a reputation for criminal activity. Otherwise, none of those other factors suggested in *Andrews* is present herein. Moreover, Sgt. Waite *explicitly* answered that he did not observe appellant do anything which would indicate that he was up to some sort of criminal activity. Thus, I concur with the majority that the police stop at issue herein violated appellant's Fourth Amendment rights.