OPINION
This is an accelerated appeal taken from a final judgment of the Painesville Municipal Court. Appellant, George W. Green, Jr., appeals from the denial of various pretrial motions in his prosecution for driving while under the influence of alcohol and failure to stay within marked traffic lanes.
Early in the evening on November 8, 1996, Trooper Jim Smith ("Trooper Smith") of the Ohio State Highway Patrol was on duty in Lake County. Shortly after 6:00 p.m., Trooper Smith decided to pull his patrol car onto the berm of State Route 44 approximately sixty feet south of its intersection with Interstate 90 in order to fill out routine paperwork. Less than two minutes after commencing with the paperwork, Trooper Smith glanced up at the intersection and saw smoke coming toward his cruiser. The smoke was coming from a vehicle that had lodged onto a concrete curb abutting an exit ramp linking the highway to the state route. The concrete barrier was approximately four feet wide and one foot high.
Trooper Smith pulled his patrol car up to the scene and parked behind the lodged vehicle. As the trooper did this, appellant exited from the driver's seat of the damaged vehicle. Appellant was staggering, and Trooper Smith smelled an odor of alcohol emanating from him. When Trooper Smith inquired as to his identity, appellant did not respond. As a result, the trooper asked appellant to remain at the rear of the damaged vehicle while he looked inside for a driver's license or some other form of identification. Appellant, however, repeatedly strayed from behind the vehicle even after being ordered to remain in place. Eventually, Trooper Smith placed appellant in the back of the cruiser.
After filling out an accident report and calling for a tow truck to remove the damaged vehicle from the concrete barrier, Trooper Smith informed appellant that he was being placed under arrest for driving while under the influence of alcohol ("DUI"). The trooper subsequently issued citations to appellant for DUI in violation of R.C. 4511.19(A)(1) and failure to stay within marked traffic lanes in violation of R.C. 4511.33(A). After being transported to the Lake County Jail, appellant submitted to a Breathalyzer test on a BAC DataMaster machine. The test indicated that appellant had an alcoholic concentration of .247 in his breath. Consequently, appellant issued an additional citation to appellant for operating a motor vehicle with a prohibited concentration of alcohol in his breath in violation of R.C.4511.19(A)(3).
Appellant entered a plea of not guilty to all three offenses on November 12, 1996. Thereafter, on January 31, 1997, appellant filed a motion to suppress all of the evidence against him on the basis that Trooper Smith did not have reasonable suspicion to approach appellant's vehicle as mandated by the Fourth Amendment to the United States Constitution. The trial court conducted a hearing on the motion on March 3, 1997. The only witness to testify at this proceeding was Trooper Smith. At the conclusion of the suppression hearing, the trial court orally overruled appellant's motion to suppress the evidence. In addition, the trial court issued a judgment entry on the same day denying the motion.
Following this, appellant filed a second motion to suppress on March 11, 1997 based on newly discovered grounds relating to the Breathalyzer test given to appellant and the BAC DataMaster machine used to administer the test. This motion was predicated on appellant's assertion that the Ohio State Highway Patrol failed to comply with requisite breath-testing regulations in two ways: (1) improper certification of the calibration solution used in the BAC DataMaster machine; and (2) an irregularity on the radio frequency interference ("RFI") survey form. The trial court held a suppression hearing on these issues on March 31, 1997. Trooper Smith testified regarding the calibration of the BAC DataMaster machine, while Trooper Steven D. Jefferies ("Trooper Jefferies") testified regarding the RFI survey. At the conclusion of the hearing, the trial court issued a judgment entry denying the motion to suppress.
Appellant also filed a pretrial motion on March 13, 1997 requesting that the trial court dismiss the charge of failing to stay within marked traffic lanes under R.C. 4511.33(A). This motion was denied in the same March 31, 1997 judgment entry by which the trial court overruled appellant's second motion to suppress.
Following the denial of his various motions, appellant changed his plea to no contest to the charges of operating a motor vehicle with a prohibited concentration of alcohol in his breath and failure to stay within marked traffic lanes. The trial court found appellant guilty of these charges on April 25, 1997, and the remaining charge under R.C. 4511.19(A)(1) was dismissed at the request of the state. The trial court sentenced appellant to thirty-three days in the Lake County Jail with thirty of those days suspended, a $400 fine, and a six-month suspension of his driver's license.
From this judgment, appellant timely filed an appeal with this court in which he asserts the following assignments of error:
 "[1.] The trial court erred to the prejudice of Defendant-Appellant in overruling his motion to suppress and renewal of such motion to suppress the evidence of the arresting officer.
 "[2.] The trial court erred to the prejudice of Defendant-Appellant in overruling his motion to suppress the breathalyzer alcohol test results and his motion to reconsider the same by failure to require the prosecution to prove compliance with reasonable prerequisites of the director of the Ohio Department of Health for the admission into evidence such results [sic].
 "[3.] The trial court erred and abused its discretion to the prejudice of Defendant-Appellant in overruling his motion to dismiss the charge of lanes change [sic] against him."
In his first assignment of error, appellant posits that Trooper Smith did not have reasonable suspicion of criminality to approach appellant's vehicle following the traffic accident. Under this line of reasoning, the resulting seizure of appellant by the trooper would have been in derogation of the protections afforded by the Fourth Amendment. If this proposition is sustained, then any evidence obtained from the encounter between Trooper Smith and appellant, or the fruits thereof, would be subject to suppression, including the trooper's testimony and the results of the Breathalyzer test.
The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." By its terms, theFourth Amendment is only triggered by a "search" or a "seizure."
A stop of a motorist in transit certainly constitutes a seizure for Fourth Amendment purposes. In the case at bar, however, appellant was not subjected to a traffic stop. Rather, he was involved in a one-car accident that took place only sixty feet away from an on-duty highway patrol officer. Under these circumstances, even though he did not actually see the occurrence of the accident, Trooper Smith had the right to investigate the accident without having any particularized suspicion that the driver of the vehicle was engaged in criminal wrongdoing. Further, even if there had been no accident, a police approach to a stationary vehicle is a consensual encounter under most circumstances, thereby making the provisions of theFourth Amendment inapplicable as to the initial approach. Willowick v.Sable (Dec. 12, 1997), Lake App. No. 96-L-189, unreported, at 13, 1997 Ohio App. LEXIS 5562; see, generally, Florida v. Bostick
(1991), 501 U.S. 429 (discussing the concept of police-citizen consensual encounters). Thus, we conclude that Trooper Smith's initial approach and encounter with appellant's stationary vehicle were not subject to constitutional scrutiny under the facts of this case.
In assessing whether probable cause for the arrest existed in the case at bar, the record revealed the following facts. Upon arriving at the scene, Trooper Smith saw appellant exit the vehicle. Appellant was lethargic and unresponsive when Trooper Smith inquired as to his identity. In addition, appellant smelled of alcohol and was staggering. The trooper asked appellant to remain at the rear of the vehicle while he tried to ascertain appellant's identity. Appellant, however, repeatedly disobeyed this request by wandering away from the designated spot where he was supposed to stand. As a result, Trooper Smith placed appellant in the back of the patrol car. After radioing for towing assistance and filling out the accident report, Trooper Smith formally arrested appellant for driving while under the influence of alcohol.
An investigatory detention occurs when a police officer justifiably conducts an investigative stop of a person based upon a reasonable and articulable suspicion that the individual is engaged in criminal conduct or that such activity is imminent.Terry v. Ohio (1968), 392 U.S. 1, 19-21; State v. Bird (1988),49 Ohio App.3d 156, 157. In order for such a detention to be within constitutional boundaries, the police officer must be able to cite articulable facts that give rise to reasonable suspicion of criminal behavior. Terry at 21. The propriety of an investigatory detention by a police officer must be viewed in light of the totality of the circumstances. State v. Bobo (1988),37 Ohio St.3d 177, paragraph one of the syllabus; State v. Freeman
(1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
Under the circumstances that prevailed in the case sub judice, we conclude that even if the trooper did not place appellant in the back of the patrol car for the purpose of ensuring appellant's safety, Trooper Smith nevertheless had reasonable suspicion to seize appellant. The articulable facts upon which the reasonable suspicion was based were that appellant smelled of alcohol; he was staggering; he failed to remain at the rear of the vehicle despite repeated commands to do so; and he was unresponsive to questioning from Trooper Smith.
The standard for effectuating a valid arrest is probable cause. In the arrest context, probable cause exists when a reasonably prudent person would believe that the individual to be arrested has committed a criminal offense. Sable at 16; State v. Timson
(1974), 38 Ohio St.2d 122, paragraph one of the syllabus. Based upon the aforementioned indicia of intoxication displayed by appellant at the scene of the unwitnessed accident, Trooper Smith had probable cause to arrest appellant for DUI in violation of R.C. 4511.19(A)(1). See Oregon v. Szakovits (1972), 32 Ohio St.2d 271
(holding that a police officer may arrest an individual for DUI even though the officer did not view the actual operation of the vehicle).
In light of the foregoing analysis, we hold that the trial court did not err by denying appellant's first motion to suppress predicated on Fourth Amendment grounds. Consequently, appellant's first assignment is without merit.
Appellant's second assignment of error challenges the denial of his subsequent motion to suppress based on the belief that the Ohio State Highway Patrol failed to comply with the required breath-testing regulations in two ways: (1) improper certification of the calibration solution used in the BAC DataMaster machine; and (2) an irregularity on the radio frequency interference ("RFI") survey form.
At a hearing on a motion to suppress, the trial court functions as the trier of fact. The trial court, therefore, is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366; State v. Smith (1991), 61 Ohio St.3d 284,288; State v. DePew (1988), 38 Ohio St.3d 275, 277; State v.Fanning (1982), 1 Ohio St.3d 19, 20.
On review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592;State v. Guysinger (1993), 86 Ohio App.3d 592, 594; State v.Klein (1991), 73 Ohio App.3d 486, 488. After accepting such factual findings as accurate, the reviewing court must independently determine as a matter of law whether the applicable legal standard has been satisfied. Retherford at 592; Klein at 488.
With regard to the first issue, appellant maintains that the state failed to prove that a valid calibration solution was used to calibrate the BAC DataMaster machine in accordance with Ohio Adm. Code 3701-53-04. The Ohio Department of Health sends a certificate of solution analysis to law enforcement agencies which provides the optimum reading on a given batch of calibration solution. If the prosecution can not demonstrate this target value at a hearing on a motion to suppress, then suppression of the breath-test result may be appropriate based upon the state's failure to establish a proper instrument check on the Breathalyzer machine.
A review of the record indicates that the state introduced a certificate from the manufacturer of the calibration solution stating that the given lot number had been approved by the Ohio Department of Health and that the solution conformed to the requirements of Ohio Adm. Code 3701-53-04. This certificate also included the date that the solution had first been used.[1]
Although the certificate submitted by the state was not actually issued by the Ohio Department of Health, a document which was issued by that agency was introduced by appellant's defense counsel at the suppression hearing. The trial court apparently treated the defense certificate as an admitted exhibit and considered it when arriving at its factual finding that the state had substantially complied with the calibration requirements. Thus, a valid calibration solution certificate issued by the Ohio Department of Health was introduced at the motion hearing, albeit by appellant's defense counsel. The first issue under appellant's second assignment lacks merit.
The other issue raised by appellant in the second motion to suppress was an alleged irregularity in the RFI survey form. Specifically, appellant alleged that the serial number of the BAC DataMaster machine on the RFI survey form had been altered through the use of white-out liquid.
The state called Trooper Jefferies to testify regarding the form. Trooper Jefferies testified that he had mistakenly listed the wrong serial number on the RFI survey form prior to conducting the test on the BAC DataMaster machine located at the Lake County Sheriff's Department. Upon arriving at the sheriff's department and learning the correct serial number of the machine, Trooper Jefferies used white-out to change the number.
As explained earlier, the trial court assumes the role of trier of fact at a suppression hearing and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. Based on the trooper's testimony, the trial court concluded that there was no reason to suppress the results of appellant's breath-alcohol test due to any alleged irregularity on the RFI survey form. We agree. The second issue under appellant's second assignment is not well-taken.
In his third assignment of error, appellant contends that the trial court erred by denying appellant's motion to dismiss the charge of failing to stay within marked traffic lanes under R.C.4511.33(A). The basis for this motion was that Trooper Smith did not actually witness appellant's vehicle weave from its lane. Rather, the vehicle was already lodged on the concrete barrier in a stationary position when Trooper Smith initially saw it.
R.C. 4511.33(A) provides:
 "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 "(A) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
Upon review, we can not agree with appellant's argument that the trooper actually had to witness appellant's vehicle weave from its proper lane in order to issue appellant a traffic citation for violating R.C. 4511.33(A).[2] See, e.g., State v. Darrah
(1980), 64 Ohio St.2d 22 (holding that it was permissible for the driver of a vehicle to receive a traffic citation for violating R.C. 4511.12 from a state highway patrol officer who did not personally witness the commission of the traffic violation). The fact that appellant's vehicle left the roadway and became stuck on the concrete barrier provided Trooper Smith with an ample basis to believe that appellant had committed the requisite elements of the offense. As such, the trial court did not err by overruling appellant's motion to dismiss the charge. Sufficient evidence to provide probable cause is significantly less than that required to provide proof beyond a reasonable doubt.
Appellant's third assignment is meritless.
For the foregoing reasons, appellant's three assignments of error are not well- taken. Accordingly, the judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, JUDGE.
FORD, P.J., and NADER, J., concur.
[1] Ohio Adm. Code 3701-53-04(A)(1) mandates that an alcohol-based solution be used no later than three months after the date of its first use. If a law enforcement agency fails to record the date of first use as required, then suppression of an alcohol test result may be proper.
[2] We note that this particular charge was not a basis for the warrantless arrest, but rather was properly issued in citation form. The issue of whether R.C. 4511.33 was the most appropriate charge upon which to issue the citation was not raised or argued by appellant.