OPINION
This is an accelerated appeal taken from a final judgment of the Mentor Municipal Court. Appellant, Dennis A. Durfee, appeals the trial court's decision to deny his motion to suppress in a criminal prosecution.
On the afternoon of August 13, 1996, Patrolman Brian Clifford ("Patrolman Clifford") of the Mentor Police Department was on routine patrol in a marked police cruiser. Shortly after three o'clock, Patrolman Clifford received a radio dispatch concerning a report of a vehicle being operated recklessly in the nearby vicinity. An anonymous caller had apparently informed the police department of the reckless driver. The dispatcher described the automobile in question, provided the license plate number, and advised that a LEADS check indicated that the owner to whom the car was registered was a male whose driving privileges had been suspended.
Shortly thereafter, Patrolman Clifford passed a vehicle being driven in the opposite direction by appellant. Appellant's automobile matched the general description and the license plate number contained in the police dispatch. As he drove by, Patrolman Clifford also noticed that appellant's vehicle was missing its front license plate.
Patrolman Clifford turned his police cruiser around, activated the warning lights, and pulled appellant's vehicle over to the side of the road. Upon approaching the driver's side of the automobile, the officer told appellant that he was stopped because of the absence of a front license plate and the report of reckless driving. As they talked, Patrolman Clifford smelled an odor of alcohol emanating from appellant. Based on this observation, Patrolman Clifford asked appellant to exit the vehicle.
Appellant then administered the standard battery of field sobriety tests, including the one-leg stand, the walk and turn test, and the horizontal gaze nystagmus test. Appellant performed poorly on the tests. Thereafter, Patrolman Clifford placed appellant under arrest after issuing him traffic citations for driving while under the influence of alcohol in violation of R.C.4511.19(A)(1) and driving while under license suspension in violation of R.C. 4507.02.
The case against appellant was docketed for a bench trial on October 21, 1996. Three days prior to this, on October 18, 1996, appellant filed a motion to suppress all of the evidence garnered from the traffic stop effectuated by Patrolman Clifford. The basis for the motion was that appellant was the victim of an unconstitutional seizure.
The trial court conducted a hearing on the motion to suppress on October 21, 1996. Patrolman Clifford testified for the state, while appellant took the witness stand in his own behalf. At the close of the suppression hearing, the trial court orally overruled appellant's motion. Instead of proceeding with the bench trial, appellant opted to plead no contest to both of the traffic offenses.
The trial court immediately sentenced appellant to one year in the Lake County Jail, a $1,000 fine, a five-year license suspension, and two years of probation for violating R.C.4511.19(A)(1). The trial court imposed a six-month jail sentence and a $1,000 fine for violating R.C. 4507.02. The jail sentences were ordered to run consecutively. Execution of the sentences was stayed pending appeal.
From this judgment, appellant timely filed a notice of appeal with this court in which he asserts the following assignment of error:
 "The trial court erred when it denied the Defendant- Appellant's Motion to Suppress evidence since the police officer did not have probable cause to stop Defendant- Appellant's vehicle."
In his lone assignment of error, appellant posits that the trial court erred by denying his motion to suppress because Patrolman Clifford had no probable cause to perform the traffic stop.[1] Appellant contends, in essence, that the police officer's actions were in derogation of the protections afforded by the Fourth Amendment to the United States Constitution. TheFourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *."
By its very terms, the Fourth Amendment is only triggered by a "search" or a "seizure." In the present case, appellant was the subject of a traffic stop. A stop of a motorist in transit constitutes a seizure for Fourth Amendment purposes. There is no doubt, therefore, that Patrolman Clifford's conduct is subject to constitutional scrutiny. If appellant is correct in his argument that Patrolman Clifford's seizure of him was unreasonable because it lacked a proper constitutional basis, then any evidence which resulted from the seizure must be suppressed.
At a hearing on a motion to suppress, the trial court functions as the trier of fact. As such, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366; State v. Smith (1991), 61 Ohio St.3d 284,288; State v. Depew (1988), 38 Ohio St.3d 275, 277; State v.Fanning (1982), 1 Ohio St.3d 19, 20. Upon review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Retherford
(1994), 93 Ohio App.3d 586, 592; State v. Guysinger (1993),86 Ohio App.3d 592, 594; State v. Klein (1991), 73 Ohio App.3d 486,488. After accepting such factual findings as accurate, the reviewing court must independently determine as a matter of law whether the applicable legal standard has been satisfied.Retherford at 592; Klein at 488.
In his brief before this court, appellant makes much of the fact that Patrolman Clifford never actually witnessed any reckless driving on the part of appellant. Rather, Patrolman Clifford was informed of appellant's allegedly erratic driving via the radio dispatch that had its origins in the anonymous tip telephoned into the police department by another motorist. The manner in which Patrolman Clifford was alerted to watch for appellant's vehicle while on patrol was uncontroverted at the suppression hearing.
Under the auspices of Terry v. Ohio (1968), 392 U.S. 1, and its progeny, an investigatory detention occurs when a police officer justifiably conducts an investigative stop of an individual based upon a reasonable and articulable suspicion that the individual either is currently engaged or is about to engage in criminal activity. See, also, State v. Bird (1988), 49 Ohio App.3d 156,157. In order for an investigatory detention to fall within constitutional parameters, the police officer must be able to cite articulable facts that give rise to reasonable suspicion of criminal behavior. Terry at 21. The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. State v. Bobo
(1988), 37 Ohio St.3d 177, paragraph one of the syllabus; State v.Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
From appellant's perspective, Patrolman Clifford could not have had the requisite reasonable suspicion to effect the traffic stop because the officer never actually saw appellant driving recklessly. Appellant's logic must fail, however, for the simple reason that Patrolman Clifford had more than reasonable suspicion to stop appellant's automobile. Notwithstanding whether he had an articulable basis for believing that appellant was driving drunk, Patrolman Clifford actually had probable cause to believe that appellant was committing a traffic offense because he observed appellant drive without a front license plate in violation of R.C.4503.21. At the motion hearing, Patrolman Clifford testified that he noticed that the front license plate was missing from appellant's car upon spotting appellant traveling in the opposite direction. After he pulled appellant over to the side of the road, Patrolman Clifford informed appellant that the traffic stop was predicated in part on the absence of the license plate.
R.C. 4503.21 provides that "[n]o person who is the owner or operator of a motor vehicle shall fail to display in plain view on the front and rear of such motor vehicle the distinctive number and registration mark * * * furnished by the director of public safety * * *." (Emphasis added.). The statute requires that the license plates be "in plain view" on the front and rear of an automobile. The intent of the law is to require that license plates be visible to law enforcement personnel and others who may have reason to note the number for identification purposes.
Appellant testified at the suppression hearing that the license plate was lying on the front dashboard of the car at the time of the traffic stop. Patrolman Clifford, however, testified on cross-examination that he did not recall seeing any license plate on the front dashboard of the car. Even assuming arguendo that the license plate was located on the dashboard as described by appellant, he was still in violation of the law. See, e.g., Statev. Brown (Jan. 9, 1991), Clark App. No. 2817, unreported, at 2, 1991 WL 285431 (holding that a temporary license placard was not in plain view when lying flat on the rear deck of the automobile).
Because appellant was violating R.C. 4503.21, Patrolman Clifford not only had reasonable suspicion, but he also had probable cause to perform the traffic stop. See, e.g., State v.Richards (Jan. 15, 1993), Washington App. No. 92 CA 06, unreported, at 2, 1993 WL 6574 (holding that traffic stop was lawful under probable cause standard based on the officer's observation that no front tag was displayed in violation of R.C.4503.21). Thus, we need not even reach the question of whether Patrolman Clifford had a reasonable and articulable suspicion that appellant was engaged in some other form of criminal conduct at the time of the traffic stop.[2]
Furthermore, we do not need to address whether Patrolman Clifford had an adequate basis for administering the field sobriety tests or whether he had probable cause to arrest appellant for violating R.C. 4511.19(A)(1). Appellant did not assign these aspects of the traffic stop as error in his brief before this court. As a result, any error relating to the administration of the roadside tests or the arrest has not properly been raised on appeal. See Chemical Bank of New York v.Neman (1990), 52 Ohio St.3d 204, 207 (holding that under App.R. 12(A) a court of appeals is not required to consider issues not argued in the briefs); Toledo's Great Eastern Shoppers City, Inc.v. Abde's Black Angus Steak House No. III, Inc. (1986), 24 Ohio St.3d 198,202 (holding that a court of appeals need only pass upon errors assigned and briefed when reviewing the judgment of a lower court).
In conclusion, we hold that the trial court did not err by denying appellant's motion to suppress. The trial court's decision was supported by competent, credible evidence in the form of Patrolman Clifford's testimony at the suppression hearing. In light of this, we determine that appellant's Fourth Amendment rights were not abrogated by the traffic stop which resulted in his arrest for driving while under the influence of alcohol and driving while under license suspension. The traffic stop was constitutionally permissible because Patrolman Clifford hadprobable cause to believe that appellant was in violation of R.C.4503.21 by failing to display his front license plate in plain view as required under the statute.
Based on the foregoing analysis, it is apparent that appellant's single assignment of error lacks merit. Accordingly, the judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, JUDGE.
FORD, P.J., and NADER, J., concur.
[1] Although appellant's assignment is phrased in terms of a lack of "probable cause," he really argues that the police officer did not have "reasonable suspicion" to carry out the traffic stop as will be explained infra.
[2] It is worth noting that Patrolman Clifford may also have had reasonable suspicion to effect the traffic stop based on the belief that appellant was operating the vehicle while under a license suspension. In State v. McBride (Dec. 11, 1992), Lake App. No. 91-L-171, unreported, 1992 WL 366915, this court held that a police officer had the requisite reasonable suspicion based on articulable facts received from a police dispatcher to justify an investigative detention for a suspended license operation. The articulable facts contained in the dispatch were as follows: (1) the officer knew by way of a LEADS check that the owner of the vehicle was a white male who was under suspension; and (2) the defendant, a white male, was seen entering and driving the vehicle in question. Similarly, in the case subjudice, Patrolman Clifford knew via the dispatcher's background check that the vehicle he was looking for was registered to a male who was under a license suspension. See, also, State v. Epling (1995), 105 Ohio App.3d 663.