OPINION
Defendant-appellant Ricky Taylor appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of carrying a concealed weapon, in violation of R.C. 2923.12. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 13, 1997, at approximately 5:00 p.m., appellant was operating his vehicle on Paul Place in the City of Canton in excess of the posted speed limit. Two Canton police officers paced appellant's car in their cruiser. They activated the red lights to initiate a traffic stop. Appellant immediately pulled his vehicle to the side of the road. According to the officers, appellant leaned toward the passenger side of his vehicle before bringing it to a complete stop.
The relevant portion of Officer Mercorelli's testimony regarding appellant's movement reads as follows:
 Q. (Defense Counsel):Your testimony is that his upper body actually leaned towards the passenger compartment?
A. (Officer Mercorelli): Yes.
T.R. p. 28.
Officer Mercorelli approached the driver's side of the vehicle, while his partner approached the passenger side. Appellant was alone in his vehicle. When Mercorelli reached the driver's side of the vehicle, he did not observe any contraband in plain view. The officers did not detect the odor of alcohol or marijuana on appellant, nor did they observe any indications appellant was under the influence of drugs or alcohol.
The officers asked appellant to step out of his vehicle so they could place him in the back seat of their cruiser. Before doing so, the officers conducted a pat down search of appellant. Throughout the encounter, appellant was cooperative.
During the pat down, Mercorelli felt a small, curved, hard object in appellant's coat pocket. When Mercorelli reached into the pocket to retrieve the object, he saw a small plastic bag filled with green vegetable matter. Upon removing both the bag and the curved object from appellant's pocket, the officers identified the curved object as a postal scale, and the green vegetable matter as marijuana.
Appellant was arrested for possession of marijuana. The officers handcuffed appellant and placed him in the back seat of their cruiser. The officers then searched appellant's car. The glove box on the front passenger side of the vehicle was locked. Appellant stated he did not have a key for it. After a short time, appellant's fiancé arrived at the scene. The officers obtained a key to the glove box from her. Inside the glove compartment, the officers found a loaded .9 mm Reuger model semi-automatic handgun.
Appellant was charged with violating posted speed limits, carrying a concealed weapon, drug abuse, and two counts of obstructing official business.
On May 16, 1997, the Stark County Grand Jury indicted appellant on one count of carrying a concealed weapon, in violation of R.C. 2923.12. At his arraignment, appellant entered a plea of not guilty to this charge.
On June 24, 1997, appellant filed a motion to suppress the evidence seized from his car on the grounds it was obtained as a result of an illegal search of appellant's person. After a hearing, the trial court denied appellant's motion to suppress. Thereafter, appellant entered a plea of no contest. The trial court entered a finding of guilty and ordered a presentence investigation. On August 6, 1997, the trial court sentenced appellant to three years of community control sanctions.
It is from that conviction and sentence appellant prosecutes this appeal, raising the following assignment of error.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS WHERE THERE WAS NO ARTICULABLE SUSPICION TO JUSTIFY A PAT DOWN SEARCH DURING A ROUTINE MINOR MISDEMEANOR TRAFFIC STOP, IN VIOLATION OF APPELLANT'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURE AND SEARCH.
In his sole assignment of error, appellant contends the trial court erred in not suppressing the evidence taken from appellant's vehicle. Appellant asserts his movement during the traffic stop did not provide the police with a reasonable and articulable suspicion to justify a pat down search and detention.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96,State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906,908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In this case, our concern is whether the trial court correctly decided the ultimate issue raised in the motion to suppress.
As part of a traffic stop, officers have the authority to order the driver to exit his vehicle. Pennsylvania v. Mimms
(1977), 434 U.S. 106. Furthermore, it is acceptable for an officer to order a driver to be seated in his patrol car. United Statesv. Manbeck (C.A.4, 1984), 744 F.2d 360, 377-378.; State v. Mertz
(N.D. 1985), 362 N.W.2d 410, 413. The rationale behind these decisions is the minimal intrusion upon a motorist's liberty imposed by requiring him to leave his vehicle is outweighed by the concern for an officer's safety. Mertz, supra. However, these cases do not contemplate routine pat down searches of individuals who are asked to leave their vehicles during routine traffic stops. Such searches are inherently invasive, and must be justified independently of an officer's right to ask a motorist to leave his vehicle or be seated in the back of a patrol car.
We recognize the importance of securing officer safety when an individual is removed from his vehicle and placed in a patrol car. However, before a police officer can conduct a pat down search, he must meet the prerequisites set forth in Terry v. Ohio
(1968), 392 U.S. 1. Therefore, we must consider whether officer Mercorelli's pat down search of the appellant was justified underTerry, supra.
The United States Supreme Court has held a limited pat down search is justified when an officer reasonably concludes the individual, whose suspicious behavior he is investigating at close range, may be armed and, thus, dangerous to the police officer and others. Terry, supra, at 24. Officers need not forsake reasonable precautionary measures during the performance of their duties.State v. Evans (1993), 67 Ohio St.3d 405, 409. Accordingly, a police officer may conduct a protective pat down search if he reasonably believes the individual he has stopped is armed and presently dangerous. State v. Bobo (1988), 37 Ohio St.3d 177, 182.
In determining whether an officer's beliefs are reasonable, a court must consider the totality of the circumstances involved in the stop. Id. at 180. In Bobo, the Ohio Supreme Court found a furtive movement is a factor which may contribute to an officer's reasonable suspicion a suspect is armed or engaged in criminal activity. Id. However, in Bobo, the Supreme Court relied upon several reasons to justify the officer's belief the defendant therein was armed and presently dangerous. Id. at 180-183. These reasons included the dangerous location in which the stop was made, the officer's familiarity with the way drug transactions occurred in that area, and the fact it was dark enough for weapons to be easily hidden. Id. at 180-184. The instant case is distinguishable from Bobo because the officer's only basis for suspicion was appellant's movement of leaning toward the passenger side of his vehicle. The courts in this State have held such general claims of furtive movement, standing alone, insufficient to render an officer's suspicions about criminal activity or the possession of weapons reasonable. State v. Chandler (1989),54 Ohio App.3d 92, 97; State v. Bird (1988), 49 Ohio App.3d 156;State v. Jackson (1989), 52 Ohio App.3d 156, 157; State v. Harris
(1987), 36 Ohio App.3d 106; and State v. Armstrong (1995),103 Ohio App.3d 416.[1]
In order to justify a search for weapons, an officer needs not testify he was actually in fear of a suspect, but he must articulate a set of particular facts which would lead a reasonable person to conclude a suspect may be armed and dangerous. Evans, supra, at 170; State v. Burkett (April 28, 1989), Lucas App. No. L-88-174, unreported. If an officer provides no reason for his pat down search, or the totality of the circumstances contradict the officer's claim, the search is unjustified. Id. Professor Lewis Katz articulated the need to carefully review claims of furtive movement, stating:
 * * * some such claims [of furtive movement] are known to be entirely manufactured. Thus, even an honestly made claim may not be sufficient to constitute reasonable suspicion; a testifying police officer must then proceed to describe in detail the defendant's movement that aroused his suspicion; otherwise the reviewing court is unable to weight the adequacy of the proffered claim. Also, a court reviewing reasonable suspicion must analyze the facts and not merely accept general claims of "furtive movement".
 Lewis Katz, Ohio Arrest, Search and Seizure. West Group, (1998), at 262.
Upon review of the transcript of the hearing on appellant's motion to suppress, we find Mercorelli failed to offer sufficient testimony relating to the particular facts of this stop which would justify a reasonable belief appellant was armed and presently dangerous. Mercorelli and his partner initiated this stop at 5:00 p.m., in broad daylight. Tr., p. 24. The State offered no evidence the area in which the stop was made was a high-crime area. Appellant was alone in his vehicle Tr., p. 25. He complied with all of the officers' orders Tr., pp. 25-30. When the officers approached appellant's vehicle, they observed no contraband. Tr., p. 38. There was no odor of alcohol or marijuana in the car, and appellant did not seem to be under the influence of drugs or alcohol. Tr., pp. 29-30. The officers ran a check on appellant's license plates, which returned unexceptional. Tr., p. 26. Mercorelli testified appellant was completely cooperative with the officers, and his behavior, once he had been pulled over, gave them no reason to fear for their safety. Tr., pp. 30-33.
Mercorelli testified, as appellant pulled his vehicle to the side of the road, appellant leaned toward the passenger side of the car. Tr., p. 10. Mercorelli indicated he did not recall seeing appellant's hands as he leaned forward, and had no basis for concluding appellant reached toward the passenger side of the car. Tr., p. 28. Nevertheless, Mercorelli testified this brief movement caused him to feel concerned for his safety. Tr., p 32.
We find appellant's movement as described by Mercorelli did not rise to the level required to justify a reasonable belief appellant was armed for two independent reasons.
First, mere movement inside a vehicle does not amount to the type of furtive movement which impacted the decision in Bobo,supra, and which would justify an inference appellant was armed and presently dangerous. Chandler, supra, at 97; Bird, supra, at 157. As indicated, supra, Ohio Courts have held mere movement is insufficient to justify a search. In Bird, supra, the Lake County Court of Appeals held an occupant who "moved to the right" and a driver who leaned "over the right of the steering wheel and down toward the dashboard" did not, by these actions, provide the police with a reasonable basis for a belief the individuals were involved in criminal activity. Id. In order to justify a search, an officer must cite specific facts which led him to a reasonable belief a subject was armed and dangerous. A brief movement, which is consistent with an innocent act, standing alone, does not form a reasonable basis for concluding that subject is armed and dangerous Id. It would be unusual to remain motionless when stopped for a traffic violation. Motorists often reach for their driver's license and/or registration prior to the officer's arrival at their doors. If a brief movement, standing alone, was sufficient justification for pat down searches during a traffic stop, many motorists who committed a traffic violation would be subject to such searches. Motorists need not remain motionless during a traffic stop in order to retain their Fourth Amendment rights.
We conclude Mercorelli did not provide sufficient reasons to justify a reasonable belief appellant was armed and presently dangerous. Accordingly Mercorelli's pat down search of appellant was illegal.
Second, even if appellant's act of leaning to the right constitutes a "furtive" movement, it must not be considered in isolation. Rather, the significance of this movement to the formation of a reasonable belief appellant was armed and dangerous must be considered in light of the totality of circumstances attendant to the situation. Bobo, supra. In this case, the circumstances surrounding the officers' stopping appellant do not establish Mercorelli's conclusion appellant posed a threat was reasonable. Appellant was cooperative and obeyed all orders given to him. Furthermore, the stop was not made in a high crime area, and the subject was alone. The officers did not recognize appellant as a known drug dealer or dangerous felon. After running a check on his license, the officer's learned the car was not stolen. The officers saw no weapons or contraband in appellant's car. Consequently, given the totality of circumstances surrounding this stop, we find the officers had insufficient reasons to conclude appellant was armed and dangerous.
Finally, Mercorelli never specifically stated he believed appellant was armed. A pat down search must be predicated upon a reasonable belief, justified by particular facts, a subject is armed and dangerous. Mercorelli stated he was concerned for his safety because of appellant's movement, and wished to search him for "officer safety reasons".Tr., pp. 29-33. However, the use of the magic words, "officer safety", is not conclusive in this case. Mercorelli used the rationale to justify searching motorists he has stopped for routine traffic violations, even when there were no other specific reasons to believe they were armed and dangerous. Tr., p. 29-34. Given this fact, it is uncertain whether the statement Mercorelli searched appellant "for officer safety reasons" expressed specific concern over this situation, or a general belief all traffic stops are inherently dangerous. Mercorelli testified he asks the drivers to exit their vehicles, "Just because [he] is authorized to do so for officer safety". Tr., p. 21. While we recognize the potential danger accompanying every traffic stop, searches are not justified without an officer's reasonable belief the particular motorist to be searched may be armed and pose an immediate danger to him. An officer's recognition any person may have a weapon is not equivalent to a reasonable belief that a specific person may be armed.
For the foregoing reasons, we find Mercorelli's pat down search of appellant and the ensuing search of appellant's vehicle as a result of appellant's arrest precipitated by the pat down search to have been illegal. The trial court erred in not suppressing the evidence. Accordingly, we sustain appellant's sole assignment of error.
The August 6, 1997 Judgment Entry of the Stark County Court of Common Plea's is reversed and the case remanded to the court for further proceedings in accordance with our opinion and the law.
By: Hoffman, J., Farmer, P.J. and Reader, J. concur.
[1] In Armstrong, the court held a furtive gesture alone does not suffice to justify a pat down search. However, such a search may be justified if a furtive gesture is combined with (1) the officer's experience with drug crime; (2) the officer's familiarity with the area; (3) the fact it is night; and (4) the officer's recognition of one man in a group as a convicted drug offender. Armstrong, supra at 659.
For the reasons stated in our accompanying Memorandum-Opinion, the August 6, 1997 Judgment Entry of the Stark County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings in accordance with our opinion and the law.