OPINION
In this accelerated calendar case, appellant, the state of Ohio, timely appeals from the judgment entered on January 25, 2001, by the Ashtabula Municipal Court in favor of Christopher M. Rabb, appellee. The court granted appellee's motion to suppress.
Appellee was standing outside of a building on Lake Avenue in the city of Ashtabula on Sunday, June 4, 2000, at about 4:30 p.m. At that time Patrolman Steve Kaselak of the Ashtabula Police Department drove by and noticed appellee. Kaselak turned his car around. By this time appellee was walking across North Avenue. Kaselak then stopped appellee and questioned him. Kaselak performed a frisk of appellee and found a pipe that he believed contained marijuana.
Appellee was charged with possession of drug paraphernalia. Appellee filed a motion to suppress the evidence obtained by Kaselak, alleging that the search was invalid and unconstitutional. The trial court granted appellee's motion to suppress; holding that Kaselak did not have reasonable suspicion to search appellee.
Appellant raises a the following assignment of error:
 "The trial court erred in granting the defendant's motion to suppress."
The standard of review for a motion to suppress was set forth by this court in State v. Bucci (Dec. 23, 1999), Ashtabula App. No. 98-A-0050, unreported, 1999 Ohio App. LEXIS 6228, wherein, we stated:
 "[W]hen considering a motion to suppress, the trial court assumes the role of trier-of-fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Kobi (1997), 122 Ohio App.3d 160, 701 N.E.2d 420. Kobi further emphasizes that `an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard.' (Citation omitted)." Id. at *11.
This case turns on whether the search of appellee was constitutional. The United States Supreme Court has held that an officer may briefly detain an individual for investigative purposes if the individual is engaging in unusual behavior. This is true even if there is not probable cause to support an arrest, so long as the officer believes that criminal activity has recently occurred or is about to occur. Terry v. Ohio
(1968), 392 U.S. 1. To justify this detention, the officer must be able to "point to specific and articulable facts which, taken together with rational inferences with those facts, reasonably warrant that intrusion."Id. at 21.
The Supreme Court of Ohio has held that several factors can be taken into consideration to determine whether there was an objective justification for the stop, including: (1) if the area of the stop was a high crime area, (2) if the officer knew of criminal activity that had taken place in the area, (3) the time of day, and (4) whether the conduct of the individual was suspicious. Bucci at *10, citing State v. Freeman
(1980), 64 Ohio St.2d 291, 295.
Patrolman Kaselak testified at the suppression hearing that the area where the search took place is not a high crime area. Nothing in the record indicates that Kaselak was aware of any criminal activity in the area, and Kaselak was not investigating any specific complaints of criminal activity on that day. Nor did he indicate that there had been any general instances of criminal activity in that area. The Fourth District Court of Appeals has held that there was not reasonable suspicion to justify a stop where a suspicious individual was parked at a used car lot at 1:30 a.m., even though there had been recent automobile thefts in the area. State v. Klein (1991), 73 Ohio App.3d 486.
The search in this case took place at 4:30 on a Sunday afternoon. The fact that this occurred in the middle of the afternoon, during broad daylight, certainly weighs against justification of the stop. This is more apparent when viewed against other appellate cases where searches, taking place between 1:00 and 2:00 a.m., were found to be invalid. SeeBucci; Klein; and State v. Kish (Nov. 5, 1999), Lake App. No. 98-L-148, unreported, 1999 Ohio App. LEXIS 5236. The Supreme Court of Ohio has held that an officer did have reasonable suspicion to justify a stop where the individual is running, in a high crime area, at 8:35 p.m., in darkness, and is running away from a police cruiser. State v. Andrews
(1991), 57 Ohio St.3d 86. Here, the facts, especially the time of day and darkness aspects, are essentially the exact opposite of those inAndrews.
Kaselak testified that he viewed appellee's conduct as suspicious. However, this alone is not enough to justify a search. Brown v. Texas
(1979), 443 U.S. 47. The facts of this case are quite similar to Brown. In Brown, the United States Supreme Court held that an individual who is in an alley, at 12:30 in the afternoon, who merely "looked suspicious" is not enough to rise to the level of "reasonable suspicion" necessary to justify a search under Terry. Id. at 52-53. In the case sub judice, appellee was also in an alley, in the afternoon, and "looked suspicious" to Kaselak.
Appellee's conduct in this case was equally consistent with that of an innocent person. It is legal for a pedestrian to stand next to a building on a Sunday afternoon. This court has held that an officer must provide additional reasons to raise reasonable suspicion that the suspect is engaged in unlawful activity, when the suspect's actions are consistent with innocent behavior. State v. Bird (1988),49 Ohio App.3d 156.
The trial court correctly concluded that the facts of this case required it to follow the holding in Brown, and determine that the search of appellee was unconstitutional. We agree. In viewing Kaselak's actions in a totality of the circumstances, we do not find that he had the reasonable suspicion necessary to justify an investigatory stop, or search, under Terry.
We acknowledge that during a Terry stop, an officer may perform a "pat down" search for weapons. Here, Kaselak stated that, due to safety reasons, he "wanted to pat him down for weapons and for whatever itlooked like he was hiding." (Emphasis added). In addition to a protective search for weapons, Kaselak stated that his intentions were to search appellee for whatever he may be hiding, which he thought could have been a spray can or stolen property. This exceeds the scope of a permissible protective search under Terry.
In order to find the pipe, Kaselak must have believed the pipe was a weapon, or he must have immediately identified it as drug paraphernaliabefore he removed it from appellee's jacket. Kish at *9, citing State v.Evans (1993), 67 Ohio St.3d 405, 414; and Minnesota v. Dickerson (1993),508 U.S. 366. There is no indication that Kaselak believed the pipe was a weapon. Likewise, there is no indication that Kaselak immediately identified the pipe as contraband before removing it from appellee's jacket. Therefore, even if the initial stop of appellee was valid, the subsequent search would be invalid, because Kaselak was not permitted to reach into appellee's pocket.
For the forgoing reasons, we find appellant's assignment of error without merit. Accordingly, we affirm the decision of the trial court.
NADER, J., concurs, GRENDELL, J., concurs with Concurring Opinion.