OPINION
The plaintiff, State of Ohio, appeals, pursuant to Crim.R. 12(J) and R.C. 2945.67(A), from an order of the Franklin County Court of Common Pleas suppressing evidence obtained as a result of a search incident to an arrest of defendant, Billie Lee Hunter. The following facts give rise to this appeal.
In the early morning hours of May 20, 2000, Reynoldsburg City Police Officer, James Triplett, was on motorcycle patrol strictly for noise ordinance violations because there had been numerous complaints within the city about loud vehicles. While on patrol, Officer Triplett observed a vehicle with the radio playing music loud enough that he could hear the bass from five or six car lengths away, which he approximated to be 50 feet. Officer Triplett stopped the vehicle because he believed the volume level of the music violated the Reynoldsburg noise ordinance.
When Officer Triplett asked for identification, defendant advised him that his driver's license was under suspension. Officer Triplett checked with the Ohio Bureau of Motor Vehicles, which confirmed that defendant's driver's license had been suspended. Officer Triplett placed defendant under arrest and during a search incident to arrest, found crack cocaine in defendant's left front pocket. Officer Triplett also issued defendant citations for violating the noise ordinance. Defendant was informed of his rights under Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, at the time of his arrest and again after he was taken to the police station, where he signed a form indicating that he understood his rights. Thereafter, Officer Triplett asked defendant where he got the cocaine; defendant responded that he did not know.
On November 13, 2000, defendant was indicted on one count of possession of cocaine in violation of R.C. 2925.11. Defendant entered a plea of not guilty and subsequently filed a motion to suppress the cocaine and a separate motion to suppress statements. The trial court conducted a hearing on defendant's motions on October 29, 2001. At the conclusion of the hearing, the trial court sustained both motions. The court journalized its decision by entry dated November 21, 2001.
The state timely filed a notice of appeal and sets forth a single assignment of error for our consideration:
 The trial court erred in granting defendant's motion to suppress.
At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Klein (1991), 73 Ohio App.3d 486,488. When reviewing the trial court's disposition of a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. After accepting those facts as true, the reviewing court must then independently determine as a matter of law, without deference to the trial court's conclusion, whether or not the facts meet the applicable legal standard. Id.
To justify an investigatory stop, a police officer must demonstrate specific and articulable facts which when considered with the rational inferences therefrom would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity. See State v. Bobo (1988),37 Ohio St.3d 177.
The trial court determined that Officer Triplett had no lawful basis to initiate the traffic stop because the noise ordinance underlying the stop was enforceable only when based upon a citizen complaint made to the police department. Accordingly, the trial court found that the stop, based solely upon Officer Triplett's own observations, was unlawful and that any evidence seized and statements taken pursuant to the unlawful stop had to be suppressed.
At the time Officer Triplett stopped defendant, Reynoldsburg City Ordinance ("R.C.O.") 509.11 stated, in relevant part:[1]
 (e)(1) No person shall * * * in any motor vehicle located on any public street * * * operate, or play any radio * * * which produces or reproduces amplified sound * * * at a level which is plainly audible at a distance of more than twenty-five (25) feet or more from the sound source. * * *
The trial court determined that R.C.O. 509.11(e)(1) was unenforceable in the absence of a citizen complaint registered with the police department. In so finding, the court relied upon two other sections of R.C.O. 509.11. The first, R.C.O. 509.11(g)(1)(A), stated:
(g) Enforcement and Penalties.
 (1) Investigation of and enforcement of this chapter shall commence upon the complaint of any affected property owner, tenant, or other person, as provided in Section (d)(2) * * *.
 (A) A citation shall be issued only after a person or business violating said provision receives a warning of said violation and refuses to comply within thirty minutes after receiving said warning. For purposes of this section, there shall be only one (1) warning allowed during a thirty (30) day period before a citation can be issued.
The second, R.C.O. 509.11(d)(2), stated:
 Complaints under this chapter may be made by telephone contact with the Reynoldsburg Division of Police. The complainant shall identify himself or herself by name, address and telephone number and shall identify the general direction or vicinity of the apparent sound source, but shall not be required to meet personally with the investigating officer, to sign a written complaint, or otherwise participate in the investigation of the complaint. * * *
The state contends that the trial court incorrectly interpreted former R.C.O. 509.11. We agree. In our view, former R.C.O. 509.11(g)(1) merely mandated that complaints of noise violations from whatever source (an affected property owner, tenant, or other person), must be investigated. Former R.C.O. 509.11(g)(1)(A) set forth the procedure to be followed in enforcing the ordinance. R.C.O. 509.11(d)(2) allowed for complaints to be made by telephone contact with the police department and further addressed, inter alia, the required content of the telephone contact.
Nothing in R.C.O. 509.11 suggests that the ordinance is unenforceable absent a citizen complaint. The ordinance in no way limits the power of the Reynoldsburg police to enforce it upon an officer's observation of a violation. Indeed, common sense dictates that police officers are permitted to act upon their own observation of criminal conduct. The trial court's interpretation imposed an additional requirement not supported by the language of the ordinance.
Based upon the foregoing analysis, we conclude that the trial court's decision to grant defendant's motions to suppress, on the basis that the investigatory stop of defendant was unlawful, is contrary to law. Having so found, the matter must be remanded to the trial court for a consideration of the contentions raised by defendant in his motions and during the hearing, including the constitutionality of the ordinance, whether the language of the ordinance permitted the officer only to issue defendant a warning and not to request to see his driver's license, and whether defendant was properly informed of his Miranda rights before questioning.
For the foregoing reasons, the state's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
LAZARUS and DESHLER, JJ., concur.
[1] The ordinance was amended January 22, 2001. However, the amended ordinance is irrelevant to our discussion, as the instant matter must be resolved pursuant to the version of the ordinance in effect on May 20, 2000.