**CITY OF BEACHWOOD, Appellant,**

v.

**SMOLENY, Appellee.**

[Cite as *Beachwood v. Smoleny* (1991), 74 Ohio App.3d 756.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60921.

Decided July 15, 1991.

*Louis H. Orkin,* Beachwood City Prosecutor, for appellant.

*Carlin & Carlin, William A. Carlin* and *Paul E. Carpenter,* for appellee.

---

*Per Curiam.*

The city of Beachwood appeals the trial court's order granting defendant-appellee Patricia K. Smoleny's motion to suppress evidence.

On April 27, 1990, at approximately 9:45 p.m., an unidentified motorist, using his cellular car phone, telephoned 911 and was connected to a police dispatcher. The unidentified motorist informed the dispatcher that an eastbound car on Cedar Road was weaving and that he believed the driver was intoxicated. He also provided the dispatcher with the location, description, and license plate number of the car.

The dispatcher broadcasted this information and a nearby patrol car responded. The patrol car located the car described by the unidentified motorist and activated its overhead lights, pulling the car over. At this point, the unidentified motorist indicated to the dispatcher that the patrol car had singled out the correct car.

Appellee was subsequently charged with driving under the influence.

On November 5, 1990, the trial court granted a motion to suppress evidence filed by appellee.

Beachwood filed a timely appeal and contends that the trial court erred when it granted appellee's motion to suppress. Beachwood's appeal has merit.

In the instant case, the anonymous tip was corroborated by sufficient details to serve as a basis for the police officer's investigatory stop. *Alabama v. White* (1990), 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301.

Judgment reversed and the cause remanded for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

JOHN T. PATTON, and SPELLACY, JJ., concur.

JAMES D. SWEENEY, J., dissents.

JAMES D. SWEENEY, Judge, dissenting.

I respectfully dissent. The majority relies on *Alabama v. White* (1990), 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301, where an anonymous tip resulted in the police stopping respondent's vehicle. However, the facts in *Alabama* and in the case *sub judice* are readily distinguished.

In *Alabama,* the tip specified that White would be leaving 235–C Lynwood Terrace Apartments, at a specific time, in a Plymouth station wagon with a broken right taillight; that she would be going to Dobey's Motel; and that she would be in possession of an ounce of cocaine inside a brown attaché case. The police officers followed up on the tip and observed White leaving the apartment, get into the described car, and drive en route to the Dobey Motel, all as specified by the tip. The details given by the tip were corroborated by independent police work.

Given these circumstances, the Supreme Court held:

"Although it is a close case, we conclude that under the totality of the circumstances the anonymous tip, as corroborated, exhibited sufficient indicia of reliability to justify the investigatory stop of respondent's car." *Id.* at 332, 110 S.Ct. at 2417, 110 L.Ed.2d at 310.

The key words are "as corroborated." In the instant case, the tip consisted of the vehicle's location, description and that it was weaving. The police officer testified that he followed the described vehicle for a short period of time, and that he saw nothing unusual in the manner in which the vehicle was being driven, nor did he observe any other unusual behavior or other facts which would tend to corroborate the information given by the tip. Since there was no independent corroboration to establish the reliability of the tip, there was no permissible reason to justify the stop.

Further, it is worth noting that in *Alabama,* the petitioner was charged with a felony. In the present case, appellee was charged with a misdemeanor. It is well settled Ohio law that an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence. *State v. Henderson* (1990), 51 Ohio St.3d 54, 554 N.E.2d 104. While *Oregon v. Szakovits* (1972), 32 Ohio St.2d 271, 61 O.O.2d 496, 291 N.E.2d 742, sets out an exception to this rule where a vehicle was being operated by someone under the influence of alcohol or drugs, in that case the police arrived after an accident had occurred and the car was already stopped. This exception does

not apply where, as here, the question is whether or not the stop itself was permissible.

For these reasons, I would affirm the trial court.