OPINION
Sherry Bauer appeals from a judgment of the Lyndhurst Municipal Court finding her guilty of operating a motor vehicle while under the influence of alcohol, weaving, and having an open container in a motor vehicle. Bauer complains on appeal that the trial court erroneously played the 9-1-1 audio tape from an informant, Robert Posatiere, and denied her motion to suppress. After a review of the record, we affirm the decision of the trial court.
The record reveals on February 4, 1998, Posatiere, a firefighter and former police officer for the Cleveland Metroparks, called 9-1-1, reached the Highland Heights Police Department, and reported that, as he proceeded eastbound on Wilson Mills Road, he observed Bauer's vehicle and she appeared to be driving erratically and unable to control her vehicle. The Highland Hills Police contacted the Mayfield Village Police Department and provided a description of Bauer and Posatiere's vehicles; Officer Douglas Sullivan of the Mayfield Village Police Department followed Bauer's vehicle, pulled her over, administered a field sobriety test, and arrested her for operating a motor vehicle while under the influence of alcohol. The police cited her for operating a motor vehicle while under the influence of alcohol, weaving, and having an open container in a motor vehicle. Thereafter, at her arraignment, she entered pleas of not guilty to all charges. On April 15, 1998, Bauer filed a motion to suppress on the ground that Officer Sullivan had no reason to stop or detain her. The court conducted a hearing on Bauer's motion to suppress, Posatiere testified, and the court heard the 9-1-1 audio tape where Posatiere gave the police dispatcher his name and license plate and specific details that Bauer swerved all over the road, appeared to be either a poor driver or intoxicated, and drove a purple Oldsmobile with license plate number APW 9132, traveling eastbound on Wilson Mills Road.
After arriving at the scene, Officer Sullivan followed Bauer for a time prior to pulling her over. He administered several field sobriety tests and arrested her for driving while under the influence of alcohol. Bauer moved to suppress the 9-1-1 audio tape, the court overruled her motion, and thereafter on September 22, 1998, she pled no contest to all charges. The court found her guilty and sentenced her to a $500 fine, three days in jail and suspended her driver's license for operating a motor vehicle while under the influence of alcohol, a $50 fine for weaving, and a $150 fine for having an open container in her vehicle. Bauer now appeals from that judgment and raises two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN ALLOWING THE VILLAGE (APPELLEE) TO PLAY THE 911 CALL FROM THE TIPSTER AT THE SUPPRESSION HEARING.
Bauer urges the court erroneously played the 9-1-1 audio tape at the suppression hearing and over her objection based on relevance because Sullivan did not hear the 9-1-1 call. The Village of Mayfield maintains Bauer has waived any objection based on relevancy because, during the hearing, counsel for Bauer objected to the 9-1-1 audio tape on hearsay grounds. The issue here concerns whether the court erred in permitting the Village of Mayfield to play the tape.
 We begin by noting in State v. Lewis (1990), 70 Ohio App.3d 624, the court stated:
 * * * Absent a clear and prejudicial abuse of discretion, a trial court's determination not to admit evidence shall not be reversed on review. (Citations omitted.)
Evid.R. 401 states:
 "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
Evid.R. 104 addresses the admissibility of evidence:
(A) Questions of admissibility generally
 Preliminary questions concerning * * * the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
(B) Relevancy conditioned on fact
 When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.
In this case, the court played the 9-1-1 audio tape after Posatiere testified and Bauer's counsel had the opportunity to cross examine him. Even though Sullivan did, not hear the conversation between Posatiere and the police dispatcher, Posatiere's call to the dispatcher provided the officer with the reasonable suspicion to stop Bauer. Further, the audio tape corroborated Posatiere's testimony and enhanced the reliability of his tip to the police. Therefore, the court did not err when it admitted and played the 9-1-1 audio tape at the suppression hearing. Accordingly, this assignment of error is not well taken.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO SUPPRESS, AS THE ARRESTING OFFICER LACKED A REASONABLE, ARTICULABLE SUSPICION TO STOP APPELLANT.
Bauer argues Sullivan did not have reasonable articulable suspicion to stop her because he testified that he pulled her over based on the 9-1-1 call. The Village of Mayfield maintains the court properly denied Bauer's motion to suppress because the tip constituted articulable suspicion to stop her. The issue here concerns whether the court erred in denying Bauer's motion to suppress.
 We begin by noting in State v. Klein (1991), 73 Ohio App.3d 486, the court stated:
 In a motion to suppress, the trial court assumes the role of trier of facts and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. * * * Accordingly, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.
In Alabama v. White (1990), 496 U.S. 325, the United States Supreme Court stated:
 Under Adams v. Williams, 407 U.S. 143 * * *, an informant's tip may carry sufficient "indicia of reliability" to justify a Terry stop even though it may be insufficient to support an arrest or search warrant. Moreover, Illinois v. Gates 462 U.S. 213
* * *, adopted a "totality of the circumstances' approach to determining whether an informant's tip establishes probable cause, whereby the informant's veracity, reliability, and basis of knowledge are highly relevant. These factors are also relevant in the reasonable-suspicion context * * *.
This court has followed Alabama in City of Lakewood v. Haffey
(Oct. 12, 1995), Cuyahoga App. No. 68107, unreported, where the court stated:
 The investigative stop exception to the Fourth Amendment warrant requirement permits a police officer to stop an individual if the officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has either occurred or is imminent. * * * The police officer, in justifying the particular intrusion, must point to specific and articulable facts warranting a man of reasonable caution in the belief that the officer's action was appropriate. * * * The propriety of an investigative stop in Ohio must be viewed in light of the totality of the circumstances. * * *
In Beachwood v. Smoleny (1991), 74 Ohio App.3d 756, this court stated:
 On April 27, 1990, at approximately 9:45 p.m., an unidentified motorist, using his cellular car phone, telephoned 911 and was connected to a police dispatcher. The unidentified motorist informed the dispatcher that an eastbound car on Cedar Road was weaving and that he believed the driver was intoxicated. He also provided the dispatcher with the location, description, and license plate number of the car.
 The dispatcher broadcasted this information and a nearby patrol car responded. The patrol car located the car described by the unidentified motorist and activated its overhead lights, pulling the car over. * * *
 In the instant case, the anonymous tip was corroborated by sufficient details to serve as a basis for the police officer's investigatory stop. (Citation omitted.)
In the present case, Posatiere identified himself to the police dispatcher, and he relayed specific details such as Bauer swerved all over the road, appeared to be a poor driver or intoxicated, and drove a purple Oldsmobile with license plate number APW 9132 traveling eastbound on Wilson Mills Road. Additionally, Posatiere provided the police dispatcher with the model and license plate number of his vehicle and continued to follow Bauer until the police arrived. Officer Sullivan followed Bauer 1200 feet before pulling her over. Considering the totality of the circumstances presented in this case, the information Posatiere gave to the police provided the degree of reliability necessary to support a reasonable suspicion to justify the investigatory stop. Therefore, the trial court's decision was supported by competent, credible evidence, and accordingly, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of-appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and MICHAEL J. CORRIGAN. J., CONCUR
 ______________________________ PRESIDING JUDGE TERRENCE O'DONNELL