OPINION
Appellant Richard McKinney is appealing his conviction, in the Licking County Court of Common Pleas, of one count of felonious assault, telephone harassment and intimidation of a witness. The facts giving rise to this appeal are as follows.
On June 17, 1996, at approximately 11:00 pm, appellant's neighbors overheard and witnessed a verbal altercation between appellant and Ms. Joyce Prince. Thereafter, Ms. Prince was assaulted suffering serious physical harm. On June 20, 1996, appellant telephoned the residence, located on Daniels Avenue, where he and Ms. Prince had been residing, and left several threatening messages directed at Ms. Prince. As a result of these messages, Ms. Prince contacted the Newark Police Department.
When the Newark Police Officers arrived at the residence, they observed Ms. Prince waiting in her vehicle, outside the residence, where she and appellant had been residing. Ms. Prince accompanied the officers into the residence where she opened the unlocked door and invited the officers to enter. Once inside, the officers recovered the answering machine containing the threatening messages left by appellant. According to Ms. Prince, she and appellant were staying at the residence and appellant was working on other houses in the development in lieu of paying rent.
On June 27, 1996, the Licking County Grand Jury indicted appellant for one count of felonious assault, one count of domestic violence, one count of intimidation of witness and one count of telephone harassment. Appellant entered pleas of not guilty to the above charges. Thereafter, on September 6, 1996, appellant filed a motion to suppress the evidence seized during the search of the residence where he and Ms. Prince resided. The trial court denied appellant's motion on September 23, 1996.
On September 17, 1996, appellant withdrew his previously entered not guilty plea to the charges of felonious assault and telephone harassment and entered pleas of no contest. Appellant also withdrew his previously entered plea of not guilty to the charge of intimidation and entered a plea of no contest. The State of Ohio dismissed the charge of domestic violence. The trial court proceeded to find appellant guilty of the above remaining charges and sentenced appellant to an indeterminate sentence of seven to fifteen years on the charge of felonious assault; a definite term of one and one-half years on the charge of intimidation and a definite term of six months on the charge of telephone harassment. The trial court ordered the sentences on the charges of felonious assault and intimidation to run consecutively and the sentence for the charge of telephone harassment to run concurrently to the sentence for felonious assault.
Appellant filed a motion to file a delayed appeal on June 20, 1997. We granted appellant's motion and appellant sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT PURSUANT TO PRE-SENATE BILL 2 GUIDELINES, RATHER THAN PURSUANT TO SENATE BILL 2.
 II. THE FAILURE OF TRIAL COUNSEL TO OBJECT TO THE SENTENCING OF THE DEFENDANT-APPELLANT UNDER PRE-SENATE BILL 2 GUIDELINES, RATHER THAN PURSUANT TO SENATE BILL 2, DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 III. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE SEIZED FROM HIS HOME WITHOUT THE BENEFIT OF A WARRANT.
 I, II
We will address appellant's first and second assignments of error simultaneously as both concern whether appellant should have been sentenced pursuant to Senate Bill 2. In his first assignment of error, appellant maintains he should have been sentenced pursuant to Senate Bill 2. In his second assignment of error, appellant contends his trial counsel was ineffective for failing to object to the trial court sentencing appellant under pre-Senate Bill 2 sentencing guidelines.
We agree with appellant's first assignment of error since he committed the crimes prior to the effective date of Senate Bill 2, but was not sentenced until after the effective date of Senate Bill 2. We have addressed this issue in three previous opinions:State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported;State v. Fulton (Dec. 8, 1997), Knox App. No. 96 CA 31, unreported; and State v. Little (March 12, 1998), Muskingum App. No. CT97-012, unreported. In the above cases, we found R.C.1.58(B) applicable. This statute provides as follows:
 If the penalty, forfeiture, or punishment for any offense is reduced by reenactment or amendment of the statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
This statute is applicable even though Section 5 of Senate Bill 2, as amended by Am.Sub. No. 269, provides as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
Although the General Assembly provided, in the above statute, that R.C. 1.58 was not applicable, the General Assembly failed to comply with the Ohio Constitution's requirement that a law not be amended unless the old law is repealed. See Article II, Section15 of the Ohio Constitution. Neither Senate Bill 2 or Senate Bill 269 purport to repeal R.C. 1.58(B).
Since a conflict exists between the statutory provisions contained in R.C. 1.58 and Senate Bill 2, we must construe the statutes against the State and liberally in favor of the appellant. Thus, the trial court should have permitted appellant to elect to be sentenced in accord with Senate Bill 2.
Appellant's first assignment of error is affirmed. We will not address appellant's second assignment of error as it is moot based upon our disposition of appellant's first assignment of error.
 III
In his third assignment of error, appellant contends the trial court erred when it overruled his motion to suppress because Ms. Prince lacked authority to consent to a search of the premises. We disagree.
As an appellate court, when reviewing the trial court's decision not to suppress evidence, we are guided by the Ohio Supreme Court's ruling in State v. Smith (1991), 61 Ohio St.3d 284
and State v. Fanning (1982), 1 Ohio St.3d 19. Pursuant to these cases, it is well settled law that "[a]t a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." Smith at 288, citing Fanning at 20. We are therefore required to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Klein (1991), 73 Ohio App.3d 486, 488.
Generally, a search conducted without a warrant and without probable cause usually violates the Fourth Amendment, unless there is consent to the search. Schneckloth v. Bustamonte (1973),412 U.S. 218, 219. In order for the consent to be valid, it must be voluntary which is a question of fact to be determined from the totality of all the circumstances. Id. at 227. It is also generally accepted that one with authority over the premises may permit a warrantless search. State v. Greer (1988), 39 Ohio St.3d 236,240.
There are four important factors that must be considered in determining whether the consent to search was valid. First, the state has to prove that consent was given for the search by a person having authority to consent. Columbus v. Copp
(1990), 64 Ohio App.3d 493, 498. Second, the consent need not be given by the defendant but may be obtained from a third person who possesses common authority over the premises or effects sought to be searched. Id.
 Common authority is * * * not implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property * * * but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched. United States v. Matlock
(1974), 415 U.S. 164, 171.
Third, common authority cannot be implied merely from the existence of a property interest in such third party, but, rather, rests on mutual use of the property by a person generally having joint access or control of the place searched for most purposes.Copp at 498. Finally, the authority of the third person to consent is limited to common areas over which co-inhabitants have joint access or control for most purposes. Id.
We find, based upon the testimony presented at the suppression hearing in this matter, that Ms. Prince had authority to consent to the search of the premises. The evidence at the suppression hearing established that appellant and Ms. Prince had resided together since January of 1996. Tr. at 16. They moved into the residence at issue on Daniels Avenue, from another residence located on Elmwood Avenue, where they had resided together. Tr. at 16. Mr. Prince had keys to the residence and furnished the majority of the household items including the living room furniture and telephone answering machine. Tr. at 17-18. Finally, appellant obviously knew Ms. Prince was residing at the residence as the telephone calls threatening Ms. Prince were placed to the Daniels Avenue residence.
Based upon these facts, we find the trial court's decision to deny appellant's motion to suppress was supported by competent, credible evidence.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed in part; reversed in part and remanded.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part; reversed in part and remanded to the trial court for resentencing in accordance with our opinion and the law.
Costs to be split evenly between the parties.