OPINION
This matter presents a timely appeal from a decision rendered by the Ashtabula County Common Pleas Court, granting the motion to suppress filed by defendant-appellee, Michael R. Bucci.
On October 29, 1998, while on routine patrol in Saybrook Township, Ashtabula County, at approximately 1:12 a.m., Deputy Michael Roach, from the Ashtabula County Sheriff's Department, observed a man sitting inside a white Volkswagen parked in front of a vending machine at a Pennzoil gas station on Lake Road. Deputy Roach also observed another man standing in front of the entrance to the gas station, approximately twenty to thirty feet from the subject Volkswagen. Deputy Roach testified that as a result of the fact that he had investigated some "smash and grab" burglaries in Saybrook Township, which had occurred about three months prior, he decided to pull into the parking lot to ask the individuals that he observed what they were doing at the closed gas station. As Deputy Roach pulled his police cruiser into the gas station parking lot, the man standing in front of the entrance to the gas station, who was later identified as appellee, returned to the subject Volkswagen and entered into the driver's seat.
Deputy Roach pulled his police cruiser directly behind the Volkswagen, blocking it since it was parked against the curb in front of the Pennzoil gas station. Deputy Roach then approached the driver's side of the vehicle. He explained to appellee and his passenger that he had stopped to speak with them because of recent burglaries in the area. Deputy Roach asked the individuals what they were doing at the closed gas station and appellee informed him that they had stopped to use the vending machine. Appellee explained that he was standing by the front door of the gas station because the vending machine would not accept his dollar bill and he wanted to go inside to exchange it.
While Deputy Roach was talking to appellee, he detected an odor of burnt marijuana emanating from the vehicle. As a result of his observations, Deputy Roach asked appellee and his passenger for their names and social security numbers. After receiving the requested information, Deputy Roach returned to his police cruiser, called dispatch and learned that an active arrest warrant existed for appellee's passenger, David Meaney, the owner of the vehicle. As Deputy Roach was about to return to the Volkswagen, Sergeant Conklin, from the Ashtabula County Sheriff's Department, informed him via police radio that appellee had a prior arrest for carrying a concealed weapon and advised Deputy Roach to wait for the back-up officers to arrive before returning to subject vehicle.
When the back-up police officers arrived, Deputy Roach and the other deputies approached the Volkswagen and informed Mr. Meaney that there was a warrant out for his arrest. When Deputy Roach asked Mr. Meaney whether he had any contraband on his person, Mr. Meaney produced three small bags of marijuana. After Mr. Meaney was handcuffed and placed in the back of the police cruiser, Deputy Roach then asked appellee to step out of the vehicle and inquired whether appellee had any guns or drugs on his person. Appellee thereafter produced a large bag containing five smaller bags of marijuana and two packs of white pills from his jacket pocket.
Deputy Roach asked appellee whether the drugs in question were for personal use or for sale and appellee responded that he "sold a little." Deputy Roach then placed appellee under arrest, conducted a pat down search of appellee's person and found a large plastic bag containing nine smaller bags of what appeared to be cocaine, four larger bags of marijuana and a Motrin bottle containing two Valium tablets, along with various drug paraphernalia, including a portable scale. Deputy Roach placed appellee in the back of the police cruiser and read him hisMiranda rights. Before Mr. Meaney's vehicle was towed and impounded, Deputy Roach conducted an inventory search and found a cigarette box above the driver's visor containing three small packets of what appeared to be cocaine and a spoon with cocaine residue inside a metal cookie tin.
On January 7, 1998, appellee was indicted by the Ashtabula County Grand Jury on three counts of possession of drugs, in violation of R.C. 2925.11, and one count of possessing criminal tools, in violation of R.C. 2925.11, and one count of possessing criminal tools, in violation of R.C. 2923.24. On February 13, 1998, appellee filed a motion to suppress all statements made by him to police officials and all physical evidence obtained from his person and/or Mr. Meaney's vehicle. Following a suppression hearing held on April 2, 1998, the trial court granted appellee's motion in part, determining that the evidence obtained by the deputies in question from appellee's person and any oral statements made by appellee prior to receiving his Miranda rights were to be suppressed. The trial court also determined that any evidence obtained from the subject Volkswagen was admissible. It is from this decision that plaintiff-appellant, State of Ohio, brings the within appeal pursuant to Crim.R. 12(J).
Appellant's sole assignment of error on appeal alleges:
 "The trial court erred to the prejudice of appellant in granting appellee's motion to suppress."
 Appellant argues that appellee's arrest on the night in question was justified and lawful. Appellant maintains that any evidence or statements obtained as a result of said arrest should not have been suppressed by the trial court. Appellant essentially claims that Deputy Roach possessed reasonable suspicion to investigate, and to inquire whether appellee and Mr. Meany were carrying any weapons or drugs once he detected an odor of burnt marijuana emanating from the parked vehicle. Appellant further claims that Deputy Roach's search and seizure was not unconstitutional as he had reasonable suspicion to detain and arrest appellee. Appellant cites to and relies upon State v. Williams (1990), 51 Ohio St.3d 58, 60, wherein the Ohio Supreme Court stated:
 "Terry stands for the proposition that `a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' * * * `The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response. * * * A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.'"
 Appellant avers that Deputy Roach would have been neglecting his duties as a law enforcement officer if he would have ignored the odor of marijuana and allowed appellee and Mr. Meaney to leave the premises.
Appellee responds that the trial court did not err in suppressing evidence which was improperly obtained during the course of an unconstitutional arrest.
In Terry v. Ohio (1968), 392 U.S. 1, the United States Supreme Court held that a brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. However, an investigatory stop becomes a seizure, when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. Id. at 21- 22.
In State v. Taylor (1995), 106 Ohio App.3d 741, the court provided a test with which to determine whether a person is being seized, stating:
 "Fourth Amendment guarantees [against unreasonable searches and seizures] are not implicated in [consensual encounters between police and individual] unless the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline officer's requests or otherwise terminate the encounter." Id. at 747-748.
 Appellant argues that Deputy Roach's initial stop was based on his suspicions that a possible breaking and entering was in progress. We disagree. In the instant case, appellant's conduct was not indicative of criminal behavior. It is clear that neither appellee nor Mr. Meany was observed to be engaged in any type of activity which would lead to a reasonable suspicion that criminal activity was about to take place. Thus, we find that the detention of appellee was not based on reasonable suspicion.
In Terry, 392 U.S. at 21, the United States Supreme Court stated that in justifying a particular intrusion, a police officer must be able to point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant such intrusion. Based upon the evidence presented at trial, it is evident that Deputy Roach's suspicions were unjustified. There were no signs of any criminal activity so far as the vending machine was concerned, nor was there any attempted breaking and entering at the Pennzoil gas station. Therefore, Deputy Roach's act of blocking appellee and Mr. Meaney in their automobile, in such a manner so as they were not free to leave, in effect constituted an unreasonable search and seizure.
Under the Fourth Amendment, a police officer is justified in conducting a brief investigatory stop of an individual only if the officer has reasonable suspicion that criminal activity may be afoot. Delaware v. Prouse (1979), 440 U.S. 648, 667. Absent any basis for suspecting a defendant in misconduct, the balance between the public interest in crime prevention and the defendant's right to personal security and privacy tilts in favor of freedom from public interference. Brown v. Texas (1979),443 U.S. 47, 52. Further, a person's mere presence in an area of high crime activity or where previous criminal activity has taken place, in and of itself, does not constitute reasonable suspicion.Id. The Fourth and Fourteenth Amendments to the United States Constitution, as well as Section 14 Article I of the Ohio Constitution, prohibit any governmental search or seizure, including a brief investigative stop, unless supported by an objective justification. Terry, 392 U.S. at 19.
In State v. Freeman (1980), 64 Ohio St.2d 291, 295, the Ohio Supreme Court found that objective justification could consist of several factors, some of which include: 1) whether the location of the investigation is a high crime area; 2) whether the officer is aware of recent criminal activity in the area; 3) whether the hour is late; 4) whether the conduct of the suspect is suspicious.
In the case at bar, the trial court correctly found that the investigatory detention by Deputy Roach should have been limited in duration, and its purpose could have lasted only as long as it took him to conform or dispel his suspicions. In addition, there were no signs of any criminal activity in the area of the vending machine. Further, there was no evidence of tampering with the doors or windows of the Pennzoil gas station.
This court enforces the concept that when considering a motion to suppress, the trial court assumes the role of trier-of-fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness.State v. Kobi (1997), 122 Ohio App.3d 160. Kobi further emphasizes that "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard." (Citation omitted.)
 Similarly, in State v. Klein (1991), 73 Ohio App.3d 486, the court reversed the trial court's denial of Klein's motion to suppress, based upon an investigatory stop at 1:35 a.m., where an officer observed Klein sitting in a vehicle on an auto sales lot. Klein pulled out of the car lot as the officer approached. The officer followed Klein, and while no traffic violations or any evidence of criminal conduct was observed, the officer stopped and eventually arrested Klein for driving under the influence of alcohol. The officer testified that the reason he stopped Klein was because there had been recent thefts from cars in the area of the car lot.
The Klein court held that after reviewing the totality of the circumstances, a police officer lacked requisite reasonable suspicion to warrant an investigative stop of the defendant, where the defendant's activities before the investigative stop were equally consistent with innocent behavior, even though the defendant was stopped in a high crime area at 1:35 a.m.
 Even assuming arguendo that Deputy Roach had reasonable suspicion and was wary about the presence of Mr. Meany and appellee at the gas station at 1:15 a.m., the trial court properly held that once Deputy Roach realized that there was no evidence of any tampering with the vending machine, or any attempted breaking and entering of the gas station, the subjects should have been free to leave, and should not have been detained for further questioning. This was not what occurred in the instant case. Deputy Roach, with no suspicion of any tampering or breaking and entering, obtained the names and social security numbers of both individuals and found an active warrant for Mr. Meaney. Such information about the outstanding warrant gave the officer the authority to detain Mr. Meaney, but not to detain appellee. Absent any indication of illegal activity, any justification for appellee's detention ceased to exist. At trial, Deputy Roach was not able to point to any specific and articulable facts to warrant appellee's detention. When Deputy Roach was asked why he continued to detain and question appellee, he responded for "officer safety." Based upon the case law in this state, a police officer must have reasonable suspicion of criminal activity to justify continued detention of an accused. The law does not regard "officer safety" as a basis to unreasonably search an individual. Such unreasonable search and seizure is a clear violation of an individual's Fourth Amendment rights.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
NADER, P.J., dissents,
O'NEILL, J., concurs.