JOURNAL ENTRY and OPINION
Willie Morrison, defendant-appellant, appeals the denial of his motion to suppress evidence by the trial court.
On July 11, 1998, the East Cleveland Police Department received a phone call from an anonymous informant who stated that there were two males walking westward on Euclid Avenue in the vicinity of Roxford Avenue, and that one of the males was carrying a weapon in his pocket. The caller stated that one of the males was wearing a gray sweater and a red baseball cap, and that the other male was wearing a blue nylon jacket. The informant also stated to the dispatcher that the males were coming from the area near Euclid Avenue and Lee Road. In the early morning hours of the day in question, Patrol Officers Randy Veri and Sherman Kyle responded to the area where the two males were said to be walking and arrived in less than two minutes. The officers observed that the appellant and his companion were the only two pedestrians in the vicinity and that the clothes that they were wearing, their gender and their race matched exactly the description provided by the informant. The officers also noted that the two males were walking in the same direction as had been stated by the informant. Additionally, the officers deduced that the fact that one of the males was carrying a white bag and a Styrofoam take-out type container was consistent with the informant's statement that the two were coming from the area near Euclid Avenue and Lee Road where there are a number of late night eateries.
After verifying the information and descriptions received from the informant, the officers approached the two males with their service weapons drawn. Both males were ordered to lay on the ground and to show their hands. They both complied. The appellant then admitted to the officers, in response to a direct query, that he was in fact carrying a gun in his pocket. The officers recovered a loaded .32 caliber pistol from the appellant. The appellant's companion was found to have no firearms on his person and was not arrested.
On September 4, 1997, the appellant was indicted on one count of Carrying a Concealed Weapon, a violation of R.C. 2923.12. Because the subject weapon was loaded at the time of the arrest, the offense was a felony of the fourth degree.
Appellant filed a motion to suppress evidence on November 12, 1997, wherein he alleged that the investigatory stop was a violation of his fourth amendment constitutional right to be free from unreasonable searches and seizures. The trial court held a hearing on the record on January 16, 1998 on appellant's motion. The only witness who testified at the hearing was officer Randy Veri. At the conclusion of the hearing, the trial court overruled appellant's motion. The appellant then entered a plea of no contest to the indictment. On February 19, 1998, the appellant was sentenced to a term of two years of community control sanctions. The instant appeal of the trial court's ruling on appellant's motion to suppress evidence was timely filed.
Appellant's sole assignment of error states:
 I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AS THE PRODUCT OF HIS UNLAWFUL DETENTION IN VIOLATION OF HIS RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION FOURTEEN OF THE OHIO CONSTITUTION.
The issue this court is called upon to decide is whether the information which the anonymous informant relayed to the East Cleveland Police Department, concerning the appellant and his companion, contained sufficient indicia of reliability to justify an investigatory stop.
In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357; State v. McCulley (April 28, 1994), Cuyahoga App. No. 64470, unreported. The trial court assumes the role of trier of fact in a suppression hearing and is, therefore, in the best position to resolve questions of fact and evaluate credibility of witnesses. State v. Klein (1991),73 Ohio App.3d 486. Appellate courts should give great deference to the judgment of the trier of fact. State v. George (1989), 45 Ohio St.3d 329. Accordingly, an appellate court is bound to accept the trial court's findings of fact provided they are supported by competent, credible evidence. Klein, supra.
The Fourth Amendment to the United States Constitution provides in part: the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *. (Emphasis added.) TheFourth Amendment to the United States Constitution and Section 14, Article One of the Ohio Constitution requires the police to obtain a warrant based upon probable cause before they conduct a search. However, the warrant requirement is subject to a number of well-established exceptions. Coolidge v. New Hampshire (1971),403 U.S. 443, 91 S.Ct. 2022.
In Terry v. Ohio (1968), 392 U.S. 1, 20 L.E.2d 889, the United States Supreme Court held that a police officer may make a brief, warrantless investigatory stop of an individual without probable cause where the police officer reasonably suspects that the individual is or has been involved in criminal activity.
In order for an anonymous tip to justify an investigatory stop, significant aspects of the informer's story must be corroborated by the police to furnish reasonable suspicion for an investigatory stop. Alabama v. White (1990), 496 U.S. 325,110 S.Ct. 2412, 110 L.Ed.2d 301. In White, the Supreme Court ruled that an investigatory stop was not unconstitutional, utilizing afourth amendment analysis, where the police had received an anonymous tip that a certain female would leave her apartment building at a particular time in a particular car, and that she would be heading for a particular motel. Id., 496 U.S. at 327,110 S.Ct. 2414, 110 L.Ed.2d at 306-307. The informant also told police that the woman in question would be carrying about an ounce of cocaine in a brown attache case. Id. After observing that the subject vehicle was taking the most direct route possible from the apartment building to the hotel, the police stopped the vehicle just short of the hotel. Id., 496 U.S. at 327, 110 S.Ct. 2415,110 L.Ed.2d at 307. After obtaining the suspect's consent to search the vehicle and the attache case, the officers found marijuana in the attache case. Id. During subsequent processing at the station, the officers found three milligrams of cocaine in the respondent's purse. Id.
The White Court found that, because the reasonable suspicion needed to initiate a Terry stop is a less demanding standard than probable cause, reasonable suspicion can arise from information that is less reliable than that required to show probable cause. Id., 496 U.S. at 330, 110 S.Ct. at 2416, 110 L.Ed.2d at 309. Thus, because the majority of the details provided by the anonymous informant in White were corroborated by the police before the suspect was stopped, the Court held that the police had sufficient reasonable suspicion to initiate a Terry stop of the suspect. Id.,496 U.S. at 332, 110 S.Ct. at 2417, 110 L.Ed.2d at 310.
In analyzing the facts of this case, it is apparent that the quantity of information provided to the police by the anonymous tipster was not as great as that in White. Certainly, it is not possible that in every instance where a citizen reports a crime, he will possess the quantity of detailed information possessed by the informant in White. Yet, given the unique facts of the case sub judice, it is apparent that the informant provided as much information as could be expected under the circumstances. The caller provided the police dispatcher with the sex, race, and location of the appellant. Additionally, the caller provided a detailed description of the clothing of both the appellant and his companion. The informant also knew the direction the appellant and his companion were heading and the area where they were coming from. Finally, the informant stated that one of the males had a weapon in his pocket. The police officers who stopped the appellant confirmed every piece of information that was provided to them before effectuating the stop. Thus, the information provided was corroborated by police observation, before the stop was made. Under White, [b]oth factors — quantity and quality — are considered in the `totality of the circumstances — the whole picture,' that must be taken into account when evaluating whether there is reasonable suspicion. Id., 496 U.S. at 330, 110 S.Ct. at 2416,110 L.Ed.2d at 309.
It is not necessary that an informant always be intimately acquainted with a person whom he observes in the commission of a crime, or even that he know that person's name. Similarly, when a person observed committing an illegal act is a pedestrian, there is no way that an informant can provide a description of a car or a license plate number. The informant in the instant case provided every conceivable piece of information that could be expected of a person who observed that another individual was walking down a street while carrying a gun in his pocket. The arresting officers then proceeded, in accordance with the requirements promulgated by the U.S. Supreme Court in White, to corroborate every detail of information that had been provided to them before making an investigatory stop. The information provided by the anonymous tipster turned out to be one hundred percent correct (albeit after the fact), as the appellant was indeed carrying a gun in his pocket.
This was a Terry stop supported by sufficient reasonable suspicion in total conformity with the dictates of White. The appellant complains that the investigatory stop went too far, in that weapons were drawn and the subjects were ordered into the prone position. The police conduct was not only reasonable and prudent, but was mandated by the situation at hand. The information provided relative to weaponry justified the police in tailoring the stop to conform with the attendant circumstances present at the time of the stop. The citizenry must be free from unreasonable intrusion by the police, but the authorities need not abandon common sense. Police safety must be given consideration in evaluating the manner within which stops and searches are conducted.
The appellant draws this court's attention to our prior interpretation of White v. Alabama in State v. Rose (1997),118 Ohio App.3d 864. In Rose, this court held that an investigatory stop which was conducted a day after an anonymous informant had provided the police with certain information, was constitutionally defective under the analysis utilized in White, in part, because the tip did not predict future events. In Rose, an informant called the police to report that there was an Uzi firearm in the passenger compartment of a white El Camino owned by a Demetrius Rose. Id., at 866. The police did not stop the vehicle in question until the following day. Id. The officers searched the passenger compartment, but were unable to locate the Uzi. Id. The officers then decided to tow the vehicle, despite the fact that they had found no evidence of any illegal activity. It was only after performing an inventory search that the officers found a quantity of crack cocaine in the interior vent system. Id. at 867. No Uzi was ever found. Id. at 868.
In the instant case, the caller observed the appellant in the commission of a crime and immediately informed the police department. The response time of the police was one to two minutes. Thus, the only possible future behavior which could have been predicted by the informant was the direction the appellant would be walking in the short interval of time between when the call was made and when the officer first observed the appellant and his companion. The tipster did indeed predict this behavior accurately, as was corroborated by the officers before they stopped the appellant.
If the East Cleveland Police Department had waited until the day after this information was received to stop a pedestrian wearing a blue nylon jacket to determine whether he was illegally concealing a weapon, then there would have been insufficient indicia of reliability under Alabama v. White to justify the investigatory stop. In the present case, the responding officers stopped the only two pedestrians in the area, within one to two minutes of receiving a tip, who fit the exact descriptions provided by the informant and who were at precisely the location described by the informant. No matter what the standard for determining when an anonymous tip coupled with independent police corroboration forms a sufficient reasonable basis to conduct a Terry investigatory stop, there will always be the chance that an anonymous tipster is engaging in a prank or an act of revenge.
Because significant aspects of the anonymous caller's predictions in the instant case were verified, there was reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the stop. White, supra, 496 U.S. at 332, 110 S.Ct. at 2417, 110 L.Ed.2d at 310.
Therefore, the appellant's assignment of error is overruled and the decision by the trial court to deny the appellant's motion to suppress evidence is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________ KARPINSKI, P.J.
ROCCO, J., CONCUR.