JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, the State of Ohio, appeals from a judgment of the Common Pleas Court granting defendants' motion to suppress. For the reasons that follow, we affirm.
 {¶ 2} On July 11, 2002, Donald Mickey and his mother, Audrey Mickey, were indicted,[1] for Sham Legal Process, Intimidation, Retaliation, and Complicity. On the morning of July 12, 2002, officers from the Cuyahoga County Sheriff's Department and the North Royalton Police Department arrived at Mrs. Mickey's North Royalton home with the intent to serve her with an arrest warrant. With guns drawn, the police officers knocked on her door repeatedly without response for some period. Watching through the windows, Detective Cleland of the Cuyahoga County Sheriff's Department observed Mrs. Mickey headed for the garage. The officers repositioned themselves at a garage doorway. When they saw Mrs. Mickey enter the garage, these officers opened the door, entered the garage, and arrested her. Officers quickly handcuffed Mrs. Mickey and escorted her to a cruiser.
 {¶ 3} Once in the cruiser, Cleland and other officers entered the home to perform a routine protective sweep and secure the home. At no time did the officers feel threatened by Mrs. Mickey, nor did they have any facts that would lead them to believe the home harbored an individual who posed a danger to the arrest area. While in the home, Cleland entered a room where a large number of documents lay in plain view. Cleland looked at the documents to ascertain their subject matter. He then determined they were incriminating and relevant to the ongoing investigation. He left the documents on the desk, secured the home, and returned to the Justice Center to obtain a search and seizure warrant. Acting as the affiant, Cleland obtained a search and seizure warrant upon the basis of the incriminating evidence he observed. As a result of the search and seizure warrant, the officers seized numerous incriminating documents and materials. Appellees filed a motion to suppress all items seized as a result of the search warrant.
 {¶ 4} During a suppression hearing, Judge Wiest heard testimony from Detective Cleland and Mrs. Mickey. Judge Wiest ruled that the facts indicated law enforcement exceeded its authority to conduct a protective sweep. He explained:
There is no "search incident to arrest case" that permits what the police did here. Certainly they had the right to search Audrey Mickey's person for officer's safety. But this right does not extend to the house when, given the circumstances of this case, there was no threat to the officers.
 {¶ 5} Journal Entry April 28, 2003. The motion to suppress was granted. Challenging this order, the state submits one assignment of error for our review:
 {¶ 6} The trial court erred in granting the defendant's [sic] motion to suppress when law enforcement may [sic] incident to an arrest performs a protective sweep of a residence for the safety of the police officers and secure the residence.
 {¶ 7} At a suppression hearing, a trial court sits as the trier of fact and is in the best position to determine issues of credibility and fact. State v. Martin (July 31, 2003), Cuyahoga App. No. 82026, at 8;State v. Mills (1992), 62 Ohio St.3d 357. When reviewing these decisions, appellate courts, are to give great deference to the trial court's findings of fact, if supported by competent credible evidence.Martin, at 8; State v. Schiebel (1990), 55 Ohio St.3d 71. Appellate courts do determine de novo whether the trial court properly applied the facts to the appropriate legal standard. State v. Jackson (Jan. 16, 2003), Cuyahoga App. Nos. 80937 and 81013, at 14; see State v. Klein
(1991), 73 Ohio App.3d 486.
 {¶ 8} After considering the evidence proffered at the suppression hearing, the court made "the following factual findings regarding the search":
Det. Cleland went to the door and knocked. All the officers had their guns drawn. No one answered the door. Audrey Mickey was in the house but did not hear the knocking at the door. 5. Audrey Mickey walked into her garage, which adjoins the house. The police officers saw her in the garage and approached her with their guns drawn, handcuffed her, pushed her out of the garage and placed her in a police vehicle. The officers then conducted what Det. Cleland called a "security sweep of the house for officer's safety." During the so-called sweep, the officers observed documents and other evidence which was seized. The evidence is the subject of the motion to suppress.
 {¶ 9} Journal Entry, dated April 28, 2003. The record is devoid of any indication the trial court based its decision upon incompetent or untrustworthy evidence. Therefore, we must accept the court's factual determinations as true.
 {¶ 10} The next question is whether the trial court applied the proper legal standard. In this case, law enforcement removed the evidence under the authority of a search and seizure warrant. Chapter 2933 of the Ohio Revised Code provides guidance for the prerequisites necessary to obtain a valid search warrant. R.C. 2933.22(A) specifically requires search warrants to be based "only upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the property and things to be seized."
 {¶ 11} Acting as the affiant, Cleland provided sufficient evidence of a fair probability that incriminating evidence would be found at defendants' home. The problem, however, was not in the lack of sufficiency of evidence, but in the origin of the evidence.
 {¶ 12} Evidence is generally deemed inadmissible when law enforcement obtains the evidence in violation of the Fourth Amendment's prohibition against warrantless searches. State v. Posey (1988),40 Ohio St.3d 420, 426, citing Segura v. United States (1984),468 U.S. 796, 804. See, also, Wong Sun v. United States (1963),371 U.S. 471. Moreover, the "fruit of the poisonous tree" doctrine, fashioned in Wong Sun, prevents evidence obtained as a result of a warrantless search from supporting probable cause in a subsequent search and seizure warrant. Id.
 {¶ 13} Cleland's request for a warrant was based upon evidence obtained while performing a Buie search. For the search warrant to be valid, the initial Buie search must be justified. Not all warrantless searches trigger the protections of the Fourth Amendment. Federal case law has carved out exceptions to the prohibition of all warrantless searches. To further the ideal of officer safety, courts have fashioned exceptions which sanction certain warrantless searches when the danger posed to law enforcement significantly outweighs the infringement on the right to be free from unreasonable search or seizures.
 {¶ 14} The United States Supreme Court, in Buie, carved out one such exception:
 {¶ 15} The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene. Michigan v. Long, 463 U.S. 1032, 1049-1050; Terry v.Ohio, 392 U.S. 1, 21. Pp. 330-337.
 {¶ 16} Maryland v. Buie (1990), 494 U.S. 325 at syllabus. Buie
created an exception to the constitutional proscription against warrantless searches, but with strictly defined limitations. Law enforcement bears the burden of demonstrating that at the time the officers effectuated an in-home arrest, police possessed specific and articulable facts "that the area to be swept harbors an individual posing a danger to those on the arrest scene." Id.
 {¶ 17} The United States Court of Appeals for the District of Columbia extended the instances in which law enforcement can lawfully perform warrantless protective sweeps to include situations where the arrest was made outside of, but near, the home. U.S. v. Ford (1995),56 F.3d 265, U.S. v. Colbert (1996), 76 F.3d 773 (C.A.D.C. 1995). The rationale is that the safety of the arrest scene can be compromised by dangerous individuals remaining in the nearby home.
 {¶ 18} Ohio case law, following Buie and its progeny, burdens the state with having to prove by a preponderance of the evidence that law enforcement possessed specific and articulable facts that the area to be swept harbored an individual who posed a danger to the arrest scene.Buie, supra. At the suppression hearing, the only appellant witness to testify, Cleland, failed to provide persuasive evidence that law enforcement possessed any information that the area to be swept harbored an individual who posed a threat to the arrest scene. At one point Cleland said: "There was a cursory sweep of the house to see if there was anybody else." * * * Tr. at 18. The Court later asked him, "* * * was there really any concern for officer's safety?" Cleland responded, "Well as I said, we have no knowledge of the other son as to whether or not he was there or not or if any other parties were living with her. * * *" Tr. at 31.
 {¶ 19} We concur with the trial court's determination that law enforcement under these facts exceeded its authority to conduct a search of the home incident to an arrest. Because the first search was conducted unlawfully, any information gleaned from this unlawful warrantless search cannot support probable cause in a subsequent search and seizure warrant. See Wong Sun, supra. Therefore, the trial court was justified in granting the defendants' motion to suppress.
 {¶ 20} The judgment is affirmed.
Judgment affirmed.
Patricia A. Blackmon, P.J., and Timothy E. Mcmonagle, J., concur.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Cuyahoga Common Pleas Court case No. CR-425024.