OPINION
Plaintiff-appellant, City of Columbus ("city"), appeals from a judgment of the Franklin County Municipal Court granting the motion to suppress of defendant-appellee, Jerry Pierce, to suppress all evidence related to defendant's citation for driving without a valid driver's license.
On June 29, 2000, Officer T.J. Stuart, of the Columbus City Police Department, was dispatched to the scene of a reported assault. On arriving at the scene, Stuart spoke with two females. Both women indicated that while they were walking on Napoleon Avenue, a customized, gold-colored, two-door automobile, occupied by two black males, pulled beside them and stopped. The passenger of the automobile got out of the car, approached the women, and asked them to engage in sex in exchange for money. When one of the women responded angrily to the man's proposition, the man punched one of the females in the head and face several times and kicked her in the stomach. The woman told the man she was pregnant. In response, the man retreated to the car and drove away.
The women provided Stuart with detailed descriptions of both the driver and the assailant. The assailant was described as a black male, between 5'10" and 5'11" tall, weighing between one hundred fifty and one hundred seventy pounds, and wearing dreadlocks. The driver was described as a black male, between 5'10" and 6'1" tall, weighing between two hundred thirty and two hundred forty pounds, wearing a white tee shirt, and his hair in cornrows.
Shortly after taking the assault report from the two women, Stuart observed a car matching the description pulling into a BP gas station. The car pulled in front of the gasoline pumps and a man fitting the women's description of the driver got out of the car. It was apparent the driver was no longer accompanied by the alleged assailant. Stuart approached the man, identified as defendant, and told him he was investigating an assault which had been committed by a man who had been a passenger in defendant's car earlier that day. According to Stuart, defendant was cooperative, told Stuart the man who assaulted the woman was a friend of his named Brooklyn, and provided Stuart with the name of the street on which the man lived.
Stuart then asked defendant for some identification. Defendant complied by giving Stuart his name and providing him with either his driver's license or his social security number. Stuart then left defendant in the presence of a second officer, and returned to his cruiser in order to run the social security number provided by defendant in the LEADS computer system in order to verify defendant's identity, and to check for any outstanding warrants against defendant. Although the LEADS system confirmed defendant's identity and revealed no outstanding warrants, it also revealed defendant did not have a valid driver's license. Accordingly, Stuart issued defendant a citation for driving without a valid license, in violation of Columbus City Code 2135.01(a)(1), and released defendant.
A preliminary hearing was held on September 7, 2000, on defendant's citation for driving without a valid driver's license. Defendant entered a plea of not guilty and requested a jury trial. On October 11, 2000, defendant filed a motion to suppress the evidence pertaining to his alleged operation of a motor vehicle without a valid driver's license. On October 26, 2000, an evidentiary hearing was held on defendant's motion to suppress. Stuart was the sole witness at the hearing. Following the hearing, the trial court entered judgment in favor of defendant. The city appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE CITY IN FINDING THAT THE APPELLEE HAD BEEN "SEIZED" WITHIN THE MEANING OF THE FOURTH AMENDMENT.
 II. EVEN IF THE APPELLEE HAD BEEN SEIZED, THE TRIAL COURT ERRED TO THE PREJUDICE OF THE CITY IN FINDING THAT SUCH SEIZURE WAS UNREASONABLE WHERE APPELLEE'S DETENTION WAS LIMITED IN SCOPE AND DURATION TO EFFECTUATE THE ORIGINAL PURPOSE OF THE SEIZURE.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE CITY IN HOLDING THAT AN ADDITIONAL DETENTION AFTER THE OFFICER VERIFIED THE APPELLEE'S IDENTIFICATION WAS UNREASONABLE. SUCH ADDITIONAL DETENTION WAS REASONABLE PURSUANT TO THE OFFICER'S DUTY TO PERFORM HIS OR HER DUTIES IN A CONSCIENTIOUS MANNER, AND TO USE DUE DILIGENCE IN SERVING WARRANTS.
The city's first and second assignments of error will be addressed together, as they both challenge the trial court's conclusion that defendant's Fourth Amendment right to be free from unreasonable searches and seizures was violated when Stuart ran a LEADS computer check on defendant's social security number.
The standard of review on a motion to suppress is whether the trial court's ruling was supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, an appellate court must independently determine, as a matter of law, without deferring to the trial court's conclusion, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
It is somewhat unclear exactly what evidence the trial court intended to suppress. Defendant's motion to suppress simply requests the suppression of "all evidence * * * concerning traffic matters," and the trial court's entry simply grants defendant's motion. While the trial court may have intended to suppress all evidence relating to defendant's citation for driving without a valid driver's license, such a broad suppression order is clearly not supported by the record.
It is well-established that evidence, which is the product of a search or seizure that violates the Fourth Amendment, may not be used to convict the victim of the illegal search or seizure. Wong Sun v. U.S. (1963),371 U.S. 471, 83 S.Ct. 407. This "exclusionary rule" applies to all evidence which is "fruit of a Fourth Amendment violation." In re Smalley (1989), 62 Ohio App.3d 435, 442. However, not all evidence that is discovered as a result of police misconduct is considered "fruit of the poisonous tree." Wong Sun, at 487-488, 417. Instead, only that evidence which "was obtained by official `exploitation'" of the Fourth Amendment is subject to exclusion. U.S. v. Crews (1980), 445 U.S. 463, 469,100 S.Ct. 1244, 1249.
In the present case, the city's evidence that defendant committed the offense of driving without a valid driver's license consists of the following three items: (1) Stuart's testimony that he observed defendant driving, (2) defendant's identity, and (3) the Ohio Bureau of Motor Vehicles ("BMV") record indicating defendant did not have a valid driver's license at the time Stuart observed him driving. See Columbus City Code 2135.01(a)(1).
For purposes of determining what evidence, if any, relating to defendant's citation is subject to suppression, we will accept defendant's argument that he was seized for Fourth Amendment purposes when Stuart left him with another police officer and returned to the cruiser to run defendant's social security number on the LEADS computer system.
Regarding the first piece of evidence, there is nothing in the record that indicates Stuart's observation of defendant driving was obtained as the result of an illegal search or seizure for Fourth Amendment purposes. In fact, the record suggests the opposite. Both Stuart's incident report and his testimony at the suppression hearing indicate Stuart had not yet approached defendant, and that defendant was in plain view in a public location when Stuart observed him driving. Accordingly, Stuart's observation of defendant driving was not obtained by exploitation or the alleged illegal seizure of defendant, and there is no basis for suppressing his testimony with respect to that observation.
Similarly, the record is void of any evidence indicating Stuart obtained defendant's identity as the result of an illegal search or seizure. In fact, defendant appears to concede he voluntarily identified himself and provided Stuart with his social security number. However, even if Stuart had obtained defendant's identity during the course of an illegal seizure, defendant's identity would not be subject to suppression, as the identity of a defendant is never subject to suppression. Immigration and Naturalization Serv. v. Lopez-Mendoza (1984), 468 U.S. 1032, 1039-1040, 104 S.Ct. 3479, 3483-3484.
The record also provides no basis for suppressing the BMV record showing defendant did not have a valid driver's license. While it is true that Stuart located this record on the LEADS computer system during what defendant asserts was an illegal seizure of his person, this fact does not render the BMV record "fruit" of that illegal search.
In Bynum v. U.S. (1958), 262 F.2d 465, 469, the defendant was arrested in violation of the Fourth Amendment, and fingerprints taken during the illegal detention were suppressed as the tainted "fruit" of the unlawful arrest. However, the court suggested the prosecution could proceed against the defendant with an older set of fingerprints which were already on file with the FBI, and which therefore had not been obtained through the illegal arrest. Id. As the United States Supreme Court stated in Crews, "[T]he Fourth Amendment violation * * * yielded nothing of evidentiary value that the police did not already have in their grasp. Rather, [the] unlawful arrest [or in the instant case, the unlawful detention] served merely to link together two extant ingredients * * *. The exclusionary rule enjoins the Government from benefiting from evidence it has unlawfully obtained; it does not reach backward to taint information that was in official hands prior to any illegality." Id. at 475, 1252.
Like the older set of fingerprints in Bynum, the BMV record at issue in the instant case was in the state's possession before the time of the illegal seizure. Consequently, the BMV record was not obtained by Stuart's "exploitation" of the unlawful seizure of defendant, and is not subject to suppression as "fruit" of that seizure. People v. Smith (1996), 649 N.Y.S.2d 313, 316-317; State v. Leyva (Fla.App. 1992),599 So.2d 691, 694.
Although none of the evidence relating to defendant's citation for driving without a valid driver's license was subject to suppression, defendant may have urged and the trial court may have granted the suppression of defendant's citation for driving without a valid driver's license.
We have found no case law dealing precisely with the question of whether a citation for driving without a valid driver's license is subject to suppression or dismissal where the government record showing that the defendant did not have a valid license was linked to the defendant during an unlawful stop. However, in the very similar circumstance in which a defendant was arrested pursuant to an outstanding warrant, which was linked to him during an unlawful stop, the cases uniformly hold that the unlawful stop does not subject the otherwise valid arrest to suppression or the charge underlying that arrest to dismissal. State v. Brown (Jan. 28, 2000), Montgomery App. No. 17965, unreported; Leyva, supra, at 694, fn. 7; State v. E.T. (1990),560 So.2d 1282, 1284-1285; W. LaFave, Search and Seizure (3 Ed. 1996), Section 1.9. An illegal arrest does not subject the arrest itself or the underlying charge to suppression, as only evidence is subject to suppression. As one commentator noted: "If the suspect is forced to go to trial and there is sufficient admissible evidence to convict, it should not be necessary to have a new trial merely because the entire process was commenced by an illegal arrest. Surely it is an exercise in futility to release the defendant and then immediately rearrest him based on evidence unrelated to the first arrest." LaFave, at Section 1.9(b), quoting Pitler, The Fruit of the Poisonous Tree: Revisited and Shepardized (1968), 56 Calif.L.Rev. 579, 601. Likewise, it would make no sense in the present case to require the suppression or dismissal of defendant's citation, when the police would be free to immediately issue a new citation based on the exact same untainted evidence.
Because none of the evidence relating to defendant's commission of the offense of driving without a valid driver's license was "obtained" as a result of Stuart's alleged "seizure" of defendant, and because the citation itself is not subject to suppression, we need not determine whether defendant was actually seized for Fourth Amendment purposes. The city's first and second assignments of error are sustained. As a result, the city's third assignment of error is moot, and we decline to address it. App.R. 12(A)(1)(c).
Having sustained the city's first and second assignments of error and rendering their third assignment of error moot, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
 ____________________________ McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
DESHLER, J., concurs, TYACK, J., dissents.